FOULSTON SIEFKIN LLP
1551 North Waterfront Parkway, Suite 100
Wichita, Kansas  67206-4466
Telephone:  316-267-6371
Facsimile:   316-267-6345
bbyers@foulston.com
scounts@foulston.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JEFFREY A. GEER, <br> on behalf of himself and other past <br> and present employees similarly situated, <br><br> Plaintiffs, <br><br> v. <br> CHALLENGE FINANCIAL INVESTORS CORP. <br> d/b/a CFIC HOME MORTGAGE and <br> CHALLENGE MORTGAGE ; <br> HAROLD BARIAN; HIRAM E. BLOMQUIST; <br> MICHAEL J. RILEY; JOE RAMIS; KEN RACH; <br> TRENT WILLIAMSON; CHRIS FAORO; <br> MICHAEL GONZALES; and TOD HOWARD, <br><br> Defendants. | Civil Action No.  05-1109  JTM |

## COMPLAINT

Plaintiffs, Jeffrey A. Geer and other past and present employees of Challenge Financial Investors Corp., by and through their counsel of record, for their causes of action against Challenge Financial Investors Corp., d/b/a CFIC Home Mortgage and Challenge Mortgage; Harold Barian, Hiram E. Blomquist; Michael J. Riley, Joe Ramis; Ken Rach; Trent Williamson; Chris Faoro; Michael Gonzales; and Tod Howard (collectively the "Defendants"), allege and state as follows:

1

**Parties**

1. Plaintiff Jeffrey A. Geer ("Geer") is an individual residing in the State of Kansas.

2. Future opt-in plaintiffs are individuals who were in the past or are presently employed by CFIC, and who were not paid in accordance with the minimum wage and maximum hour requirements of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

3. Defendant Challenge Financial Investors Corp. ("CFIC"), d/b/a CFIC Home Mortgage and Challenge Mortgage, is a corporation incorporated under the laws of the State of Florida.

4. CFIC's corporate office and principal place of business is located at 1301 Seminole Blvd., Suite 140, Largo, FL 33780.

5. CFIC does business in the State of Kansas.

6. CFIC's registered agent is NRAI Services, Inc., 2731 Executive Park Drive, Suite 4, Weston, FL 33331.

7. Defendant Harold Barian ("Barian") is the President of CFIC. Barian resides in Florida.

8. According to the Florida Department of State, Defendant Hiram E. Blomquist ("Blomquist") is the Vice President/Secretary of CFIC. Blomquist resides in Kansas.

9. According to the Florida Department of State, Defendant Michael J. Riley ("Riley") is the Vice President/Treasurer of CFIC. Riley resides in Florida and/or Kansas.

10. According to CFIC's website, Defendant Joe Ramis ("Ramis") is the Vice President of CFIC. Ramis resides in Florida.

11. Defendant Ken Rach ("Rach") is the Managing Director, Branch Operations of CFIC. Rach resides in Florida.

12. Defendant Trent Williamson ("Williamson") is the Managing Director, Branch Operations of CFIC. Williamson resides in Florida.

13. Defendant Chris Faoro ("Faoro") is the Assistant Treasurer and a Director of CFIC. Faoro resides in Kansas and/or Missouri.

14. Defendant Michael Gonzales ("Gonzales") is a branch manager of the CFIC branch in Wichita, Kansas. Gonzales resides in Kansas.

15. Defendant Tod Howard ("Howard") is a branch manager of the CFIC branch in Wichita, Kansas. Howard resides in Kansas.

## Jurisdiction and Venue

16. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201 *et seq.* The Court has supplemental jurisdiction over plaintiff Geer's state law claims pursuant to 28 U.S.C. § 1367.

17. Venue properly lies in this Court.

## Facts

18. CFIC is engaged in the business of brokering and originating mortgage loans.

19. CFIC operates 400 branch offices and is licensed to do business in 47 states plus the District of Columbia.

20. CFIC's corporate office administers the accounting, payroll, and human resources for all branch offices.

21. CFIC employs individuals as loan officers at its various offices.

22. CFIC pays all loan officers, including branch managers, as W-2 employees.

23. CFIC policy provides that a $100.00 "set-up fee" is charged to "enroll" each employee.

24. Loan officers are paid on a commission-only basis.

25. If a loan officer does not earn a commission during a pay period, the loan officer is not paid any wages for that pay period.

26. Loan officers routinely work workweeks for which they are not paid wages in an amount equal to or greater than the minimum wage.

27. Loan officers routinely work in excess of 40 hours per workweek.

28. If a loan officer works in excess of 40 hours in a workweek, the loan officer is not provided with overtime pay for time worked in excess of 40 hours per workweek.

29. Defendants Barian, Blomquist, Riley, Ramis, Rach, Williamson, Faoro, Gonzales, and Howard acted and/or act directly or indirectly in the interest of CFIC in relation to loan officers, including Geer.

30. CFIC employed Geer as a loan officer in its Wichita, Kansas branch office.

31. At the time he began his employment with CFIC, Geer was required to submit a check in the amount of $150.00 as a "deposit."

32. During his employment with CFIC, Geer earned but was not paid commissions.

33. After Geer's employment with CFIC was terminated, his $150.00 "deposit" check was cashed.  Thus, not only did Geer receive no minimum wage, commissions, or other remuneration for the work he performed for CFIC, he was charged $150.00 for the work he performed for CFIC.

34. Defendants failed to maintain records required by the Fair Labor Standards Act.

## Causes of Action

### Count I:  Fair Labor Standards Act

35. Plaintiffs incorporate by reference paragraphs 1 through 34 of this Complaint.

36. Loan officers employed by CFIC were subject to the minimum wage and maximum hour provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

37. Loan officers were not provided with pay at or above the minimum wage in each of various workweeks.

38. Loan officers worked more than 40 hours in each of various workweeks, but were not provided with overtime pay for all time worked in excess of 40 hours in a workweek.

39. Defendants, individually and/or collectively, knew or should have known the actual hours loan officers worked each week, and knew or should have known loan officers routinely worked in excess of 40 hours in a workweek.

40. Defendants, individually and/or collectively, knew or should have known loan officers were entitled to minimum wage for each workweek, and loan officers were entitled to additional compensation for all time worked beyond 40 hours in a workweek.

41. Defendants, individually and/or collectively, willfully refused to pay minimum wages to loan officers for each workweek.

42. Defendants, individually and/or collectively, willfully refused to provide loan officers with additional compensation for the overtime hours loan officers worked.

43. The actions and conduct of defendants alleged in this Complaint are ongoing.

44. Defendants' failure to pay minimum wage and overtime to loan officers violates the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and renders defendants jointly and severally liable to plaintiffs for unpaid wages, unpaid overtime, liquidated damages, interest, attorneys' fees, and costs.

## Count II:  Kansas Wage Payment Act

45. Plaintiff Geer incorporates by reference paragraphs 1 through 44 of this Complaint.

46. Geer earned commissions.

47. Defendants CFIC, Gonzales, and Howard willfully failed to pay Geer his earned commissions.

48. Defendants' failure to pay wages owed to Geer violates the provisions of the Kansas Wage Payment Act, K.S.A. § 44-312 *et seq.*, and renders defendants CFIC, Gonzales, and Howard jointly and severally liable to Geer for unpaid wages, penalties, interest, attorneys' fees, and costs.

WHEREFORE, plaintiffs (including future plaintiffs who elect to opt in or otherwise join this lawsuit) pray for judgment against defendants, jointly and severally, in an amount in excess of $75,000, as follows:

    A. An amount equal to plaintiffs' unpaid back wages and overtime at the applicable rates;

    B. An equal amount of plaintiffs' unpaid back wages and overtime as liquidated damages;

    C. An amount equal to plaintiff Geer's unpaid commissions;

    D. Penalties for unpaid commissions;

    E. All costs and attorneys' fees incurred pursuant to these claims;

    F. Pre-judgment interest, calculated at the maximum rate allowed by law;

    G. Post-judgment interest at the legal rate from the date of the judgment until paid in full;

    H. Leave to add additional plaintiffs by the filing of written consents, by motion, or by any other method prescribed by law or approved by the Court; and

   I. Such other and further relief as the Court may deem just and appropriate.

Plaintiffs reserve the right to amend their demand for judgment as new information is discovered during the course of this case.

         Respectfully submitted,

         FOULSTON SIEFKIN LLP
         1551 North Waterfront Parkway, Suite 100
         Wichita, Kansas  67206-4466


         By /s/ Boyd A. Byers
          Boyd A. Byers   # 16253
          Sophie K. Counts  # 21245
           *Attorneys for Plaintiffs*

**DEMAND FOR JURY TRIAL**

Plaintiff Jeffrey A. Geer, pursuant to Fed. R. Civ. P. 38(b), hereby requests a jury trial on all issues in the above-captioned matter.

Respectfully submitted,

FOULSTON SIEFKIN LLP
1551 North Waterfront Parkway, Suite 100
Wichita, Kansas  67206-4466


By /s/ Boyd A. Byers
   Boyd A. Byers         # 16253
   Sophie K. Counts     # 21245
     *Attorneys for Plaintiffs*

## DESIGNATION OF PLACE OF TRIAL

Plaintiff Jeffrey A. Geer designates Wichita, Kansas, as the place of trial of this matter.

                    Respectfully submitted,

                    FOULSTON SIEFKIN LLP
                    1551 North Waterfront Parkway, Suite 100
                    Wichita, Kansas  67206-4466

                    By /s/ Boyd A. Byers
                       Boyd A. Byers         # 16253
                       Sophie K. Counts     # 21245
                           *Attorneys for Plaintiffs*