## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JEFFREY A. GEER and GERALD )
LABOUFF, on behalf of themselves )
and other past and present employees )
similarly situated, )
         )
            Plaintiffs, )
         )
v. )      Case No. 05-1109-JTM-DWB
         )
CHALLENGE FINANCIAL )
INVESTORS CORP. d/b/a CFIC )
HOME MORTGAGE and )
CHALLENGE MORTGAGE, et al., )
         )
            Defendants. )
         )

## MEMORANDUM AND ORDER

Before the Court is Plaintiffs' Motion for Leave to File Amended Complaint

(Doc. 21), seeking leave to amend the Complaint to add four potential class action

claims under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C.

§ 1001 *et seq.* and to amend the caption to include opt-in Plaintiff Gerald LaBouff

and proposed Defendants Nations Holding Company, the Holding Company 401k

Plan, Administrators of the Holding Company 401K Plan, and Piggybanker Stock

Company.  Defendants filed a response (Doc. 28), arguing that the proposed

ERISA amendments are futile and that a Rule 23 opt-out collective action is

irreconcilable with a Fair Labor Standards Act ("FLSA") section 216(b) opt-in

class action suit.  Plaintiffs filed a reply.  (Doc. 29.)

## BACKGROUND

Plaintiffs, former CFIC employees, are suing Defendants for various violations of the FLSA, 29 U.S.C. § 201 *et seq*. and the Kansas Wage Payment Act, K.S.A. 44-312 *et seq*., the details of which are set out more fully in the Court's Order of October 17, 2005.  (Doc. 17.)  Plaintiffs now seek to add 4 claims under ERISA, including (1) a claim under § 502(a)(1)(B) for wrongfully refusing to allow Plaintiffs and other current and former CFIC employees to participate in CFIC's 401K plan; (2) a claim under § 510 for interference with protected rights; (3) a claim under § 502(a)(3) to enforce the terms of CFIC's 401K plan; and (4) an ERISA federal common law fraud claim.

Plaintiffs allege that CFIC's own documents state that employees can "start/change elective deferral contributions on any date" and "can elect to participate in the plan at any time."  (Doc. 22, Ex. A).  However, Plaintiffs allege that they were required to decline participation in CFIC's 401K plan ("Plan") as a condition of employment.  Indeed, they allege that CFIC's new-hire checklist reflects that the "401K   Decline Form **must be signed initially**."  (Doc. 22, Ex. B) (emphasis in original).  Plaintiffs allege that they relied to their detriment on the Defendants' misrepresentations regarding the Plan in obtaining employment with

2

CFIC.  (Doc. 22, Ex. I at ¶ 92.)  Plaintiffs allege that other employees were treated similarly and suffered damages as a result.  The proposed amended complaint would also add additional defendants concerning the ERISA claims.

Defendants argue that the proposed ERISA claims should not be allowed because (1) they are futile and (2) the opt-out nature of these proposed class action claims are irreconcilable with the opt-in nature of the FLSA collective action claims.

## DISCUSSION

Fed. R. Civ. P. 15(a) provides that leave to amend shall be freely given when justice so requires.  In the absence of any apparent or declared reason, such as undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment, leave to amend should, as the rules require, be freely given.  ***Foman v. Davis***, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962); ***Frank v. U.S. West, Inc.***, 3 F.3d 1357, 1365 (10th Cir. 1993).

A district court is justified in denying a motion to amend as futile, however, if the proposed amendment could not withstand a motion to dismiss or otherwise fails to state a claim.  ***Ketchum v. Cruz***, 961 F.2d 916, 920 (10th Cir. 1992).  A court may not grant dismissal "unless it appears beyond doubt that the plaintiff can

prove no set of facts in support of his claim which would entitle him to relief."

***Sutton v. Utah State Sch. for Deaf & Blind***, 173 F.3d 1226, 1236 (10th Cir. 1999)

(quoting ***Conley v. Gibson***, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80

(1957)).  For purposes of this motion the Court must accept as true all well-pleaded

facts and view those facts in the light most favorable to Plaintiffs.  *See **Jefferson***

***County Sch. Dist. Dist. No. R-1 v. Moody's Investor's Servs. Inc.***, 175 F.3d 848,

855 (10th Cir. 1999) (interpreting the standard for a motion to dismiss).

## A.   FUTILITY

Defendants argue that Plaintiffs' proposed ERISA claims are futile because

> Plaintiffs do not state that they were ever told anything
> that was false or that they relied on any misleading
> statement that was false.  Plaintiffs do not claim they
> were ever told anything about the contents or terms of the
> 401K plan.  Federal law does not require an employer to
> have a 401K plan or, if it has one, to make it available to
> any employees.[1]

(Doc. 28 at 1–2.)  Plaintiffs do claim, however, that they and other class members

were falsely informed that benefits were available under the plan.  (Doc. 22, Ex. I

at ¶ 89.)  Plaintiffs further claim that they relied on these false statements.  *Id*. at ¶

---

[1] Defendants also note that federal statutes and regulations allow for a waiting
period of up to one year before an employee may join a plan and that many employers
have such waiting periods.  However, Defendants never claim that their plan contains a
waiting period or that such waiting period was the reason that Plaintiffs were required to
decline participation.  Accordingly, the Court fails to see how this argument applies to
this case.

92.  Finally, Plaintiffs claim that they attempted to enroll in the plan, suggesting that they knew of the Plan and their eligibility to participate in it.  *Id*. at ¶¶ 60–61. Thus, Defendants only real argument is that Defendants were not required to allow Plaintiffs to participate in the Plan.

While it is true that ERISA does not require employers to establish employee benefits plans or maintain certain benefit level, ***Lockheed Corp. v. Spink***, 517 U.S. 882, 887, 116 S. Ct. 1783, 135 L. Ed.2d 153 (1996), if the employer decides to offer ERISA benefits, it must allow its employees to take advantage of the plan and must administer the plan in a <u>nondiscriminatory</u> fashion. ***Garratt  v. Walker***, 164 F.3d 1249, 1254 (10th Cir. 1998) (citing ***Seaman v. Arvida Realty Sales***, 985 F.2d 543, 547 (11th Cir.1993).  *See also* 29 U.S.C. § 1140 (stating that "[i]t shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan . . . or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan."); ***Healy v. Axelrod Const. Co. Defined Ben. Pension Plan and Trust***, 787 F. Supp. 838, 845 (N.D. Ill. 1992) (noting that under 29 U.S.C. § 1140, "fraudulent activity excluding an employee from participation in a benefit plan can constitute an act of discrimination.").

Courts have held that acts of discrimination include "economic injury, actual or constructive loss of employment, or threat[s] of violence." ***Newton v. Van Otterloo***, 756 F. Supp. 1121, 1135 (N.D. Ind. 1991).  In ***Garratt***, the Tenth Circuit held that discriminatory restrictions on an employee's ability to participate in an employee benefit plan are prohibited.  164 F.3d at 1253.  There, the Tenth Circuit, sitting *en banc*, considered whether an employer could condition his contributions to an employee's pension plan on a reduction in that employee's salary when the employer, who was also a participant under the plan, was receiving contributions under the plan above his salary.  The *en banc* Court held that such condition was discriminatory and therefore violated 29 U.S.C. § 1140.  *Id.*; *see also* ***Healy v. Axelrod Const. Co. Defined Ben. Pension Plan and Trust***, 787 F. Supp. at 841 (denying Defendants' Motion to dismiss ERISA claims where Defendant employer fraudulently induced Plaintiff to sign a waiver of benefits).

The Court finds ***Healy*** to be analogous to the current case.   Plaintiffs allege that their employment was conditioned on their declination of benefits under the plan.  Plaintiffs adequately allege that loan officers are being forcefully excluded under threat of economic harm.  Accordingly, the Court does not find Plaintiffs' proposed ERISA claims to be futile.

## B.    IRRECONCILABLITY

6

Defendants argue that Plaintiffs' opt-out FLSA section 216(b) collective action claims are irreconcilable with their proposed opt-in Rule 23 class action ERISA claims.  Defendants argue that many courts have disallowed such irreconcilable claims in the same case because they could lead to confusion in the handling of the claims.  (Doc. 28 at 2) (citing ***LaChapelle v. Owens-Illinois, Inc.***, 513 F.2d 286, 288 (5th Cir. 1975); ***Leuthold v. Destination Am., Inc.***, 224 F.R.D. 462, 470 (N.D. Cal. 2004); ***McClain v. Leona's Pizzeria, Inc.***, 222 F.R.D. 574, 576–77 (N.D. Ill. 2004); and ***DeLuna-Guerrero v. N.C. Growers Ass'n, Inc.***, 238 F. Supp. 2d 649 (E.D. N.C. 2004)).

Plaintiffs respond that the cases cited by Defendants are distinguishable because they apply to situations in which the plaintiffs raised essentially duplicative claims as both opt-in and opt-out classes, covering the same wrongful action and damages.  Plaintiffs state that courts have regularly allowed plaintiffs to pursue concurrent § 216(b) collective actions and Rule 23 class actions in the same case where the claims underlying each action are different.  (Doc. 29 at 4) (citing, *e.g.*, ***Frank v. Gold'n Plump Poultry, Inc.***, Case No. 04-1018, 2005 WL 2240336, *5 (D. Minn. Sept. 14, 2005) (allowing plaintiffs to pursue FLSA § 216(b) collective actions and a Rule 23 class action based on state law claims).

After reviewing the cases cited by Defendants,[2] the Court first finds that they are factually distinguishable from the present case.  The seminal case, *LaChapelle*, involves the question of whether class action cases under the ADEA should proceed pursuant to Rule 23 or Section 216.  The other cases all appear to involve situations where plaintiffs seek to use Section 216 for their FLSA claims while also using Rule 23 procedures concerning related state law <u>wage</u> claims.  In the present case, however, the nature of the claims Plaintiffs seek to assert are completely separate – wage claims and ERISA claims.

In addition, it is premature for the Court to determine at this time whether or not the ERISA claims should proceed as a Rule 23 class action or not.  Whether Plaintiffs should be able to pursue both a collective action under the FLSA and a class action under Rule 23 is a matter more properly addressed at the time of class certification.[3]  However, even if the Court were to determine that the concept of "irreconcilability" prevented Plaintiffs from proceeding with class ERISA claims, Plaintiffs are still entitled to pursue their own individual ERISA claims in this case.

_____

[2]  The Court has been unable to locate the ***DeLuna-Guerrero*** case since it appears that the citation in the briefs (238 F.Supp. 2d 649) is incorrect.

[3]  When considering the issue of certification of a class under Rule 23 for the ERISA claims, the Court could also consider the use of other procedures which might arguably eliminate any issue of irreconcilability.  This might include such possibilities as severance or separate trials under Fed. R. Civ. P. 42(b).

*See e.g.* Fed. R. Civ. P. 18(a) (allowing joinder of as many claims as a party may have).  It is sufficient for purposes of deciding the present motion to amend for the Court to find that Plaintiffs' <u>own</u> claims are not futile.  Thus, the Court GRANTS Plaintiffs' Motion to Amend.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Leave to File Amended Complaint is GRANTED.  Plaintiffs shall file their Amended Complaint in the form attached to their motion within **10 days** of the date of this Order.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas on this 22nd day of December, 2005.

___s/ Donald W. Bostwick___
DONALD W. BOSTWICK
United States Magistrate Judge
