# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JEFFREY A. GEER and GERALD )
LABOUFF, on behalf of themselves )
and other past and present employees )
similarly situated, )
)
                        Plaintiffs, )
)
v. )   Case No. 05-1109-JTM-DWB
)
CHALLENGE FINANCIAL )
INVESTORS CORP. d/b/a CFIC )
HOME MORTGAGE and )
CHALLENGE MORTGAGE, et al., )
)
                      Defendants. )
)

## MEMORANDUM AND ORDER

Before the Court is Defendants' Motion to Reconsider the Court's Order Granting Plaintiff's Motion to Expedite Section 216(b) Notice. (Doc. 19.) Plaintiffs filed a memorandum in opposition. (Doc. 23.)

## BACKGROUND

Plaintiffs, former CFIC employees, are suing Defendants for various violations of the FLSA, 29 U.S.C. § 201 *et seq*. and the Kansas Wage Payment Act, K.S.A. 44-312 *et seq*., the details of which are set out more fully in the Court's Order of October 17, 2005. (Doc. 17.) Defendants argue that because they

have made Rule 68 offers of judgment to the named Plaintiffs in an amount in excess of what they could recover for the FLSA claims, there is no longer any viable case in controversy and the case should be dismissed. (Doc. 20 at 1.) Therefore, Defendants argue that the Court should reconsider its prior order and deny Plaintiff's motion to expedite Section 216(b) notice.

Plaintiffs argue that reconsideration is not proper because at least one of the Rule 68 offers of judgment was made prior to the Court's order granting the motion to expedite Section 216(b) notice, and therefore there are no "new" facts which justify reconsideration of the prior order. Plaintiffs also argue that the Rule 68 offers of judgment do not provide them with all relief to which they are entitled in this case because they have filed a motion to amend and seek to add claims under ERISA.

Finally, Defendants have filed a motion to dismiss (Doc. 26) which raises substantially the same claim that there is no longer any viable controversy because of the Rule 68 offers of judgment. Plaintiffs have filed an opposition to the motion to dismiss (Doc. 30), and the time for Defendants to file a reply has not yet run.

## DISCUSSION

At the time the Court entered its order directing expedited Section 216 notice, no one had argued that the case was moot due to any offers of judgment. In

fact, at the time the Court entered its Section 216 order on October 17, 2005 (Doc.17), Defendants had made an offer of judgment to only the named Defendant Jeffrey A. Geer.  *See* Doc. 15.  A later offer of judgment, *see* Doc. 18, was made on October 27, 2005, to Gerald LaBouff.[1]  Under Defendant's theory, it was only after both offers of judgment had been made that the issue of lack of a present controversy came to full fruition.  Therefore, from a technical standpoint, the issue of mootness or lack of a present controversy is a "new" issue that arose after the Court entered its prior order expediting the Section 216 notice.  Accordingly, Defendant is entitled to seek a reconsideration.

The Court will deny the motion for reconsideration, however, based on the fact that the same issues have now been raised before the assigned district judge by way of a motion to dismiss.  *See* Doc. 30.  Furthermore, this Court has recently granted Plaintiffs' motion to amend so that Plaintiffs can now assert additional claims against this defendant and other new defendants under ERISA.[2]  (Doc. 31.) This would appear to moot any question as to whether the entire case should be dismissed or not.  Defendants may well continue to argue, however, that the FLSA

---

[1] LaBouff had filed a notice to opt in to this case on June 17, 2005.  (Doc. 12.)

[2] As noted in the Order granting the motion to amend, the Court has not decided whether Plaintiffs may pursue the ERISA claims only on their own behalf or on behalf of a class, and that issue is premature at this time.  (Doc. 31 at 8.)

claims should still be dismissed based upon the theory that the offer of judgment fully satisfies the FLSA claims which are completely separate from any new ERISA claims. Issues of dismissal, however, are outside the jurisdiction of a magistrate judge, *see* 28 U.S.C. § 636(b)(1)(A), and the district judge assigned to this case should be allowed the opportunity to decide which claims, if any, are subject to dismissal. Until that issue has been resolved, there is no basis for the undersigned magistrate judge to reconsider the prior ruling expediting Section 216 notice.

In its initial order expediting Section 216 notice, the Court allowed Defendants to file a supplemental brief addressing only the issue of the form of notice to be used in this case. *See* Doc. 17 at 13-14. That supplemental brief was to be filed not later than November 1, 2005. Instead, Defendants filed the present motion for reconsideration on October 27, 2005. With the possibility that the FLSA claims will not be dismissed, the issue of the form of notice still needs to be addressed. Therefore, if Defendants have any dispute with the form of notice proposed by Plaintiffs in this case, they shall file a supplemental brief addressing any such concerns not later than **January 6, 2006.** Any reply by Plaintiffs shall be filed by **January 17, 2006.**

**IT IS THEREFORE ORDERED** that Defendants' Motion for

Reconsideration (Doc. 19) is DENIED.

**IT IS FURTHER ORDERED** that any supplemental briefing on the propriety of the form of Section 216 notice shall be filed in accordance with this Order.

Dated at Wichita, Kansas on this 22nd day of December, 2005.

                                          s/ Donald W. Bostwick
                                          DONALD W. BOSTWICK
                                          United States Magistrate Judge