FOULSTON SIEFKIN LLP
1551 North Waterfront Parkway, Suite 100
Wichita, Kansas  67206-4466
Telephone:  316-267-6371
Facsimile:   316-267-6345
bbyers@foulston.com
scounts@foulston.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JEFFREY A. GEER and GERALD LABOUFF, on behalf of themselves and other past and present employees similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> CHALLENGE FINANCIAL INVESTORS CORP. d/b/a CFIC HOME MORTGAGE and CHALLENGE MORTGAGE ; HAROLD BARIAN; HIRAM E. BLOMQUIST; MICHAEL J. RILEY; JOE RAMIS; KEN RACH; TRENT WILLIAMSON; CHRIS FAORO; MICHAEL GONZALES; TOD HOWARD, NATIONS HOLDING COMPANY; THE HOLDING COMPANY 401K PLAN; ADMINISTRATORS OF THE HOLDING COMPANY 401K PLAN; and PIGGYBANKER STOCK COMPANY, <br><br> Defendants. | Civil Action No.   05-CV-1109-JTM |

## AMENDED COMPLAINT – CLASS ACTION

Plaintiffs, Jeffrey A. Geer and Gerald LaBouff, allege and state for their causes of action against Defendants as follows:

**Preliminary Statement**

1. Count I is brought by former employees of Challenge Financial Investors Corp., d/b/a CFIC Home Mortgage ("CFIC"), on behalf of themselves and similarly situated past and present employees of CFIC, to redress violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

1

("FLSA"). Plaintiffs allege that they, and other current and former loan officers of CFIC, were not paid in accordance with the minimum wage and maximum hour provisions of the FLSA. Plaintiffs bring this action on behalf of all similarly situated current and former employees of CFIC who were not paid minimum wages and overtime in accordance with the FLSA ("FLSA Collective Action Members").

2. Counts II.A, II.B, II.C., and II.D are brought by former employees of CFIC, on behalf of themselves, and similarly situated current and former employees of CFIC, to redress violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.* ("ERISA") and the federal common law arising under ERISA. Plaintiffs bring this action on behalf of all similarly situated current and former employees of CFIC who were, at any time, denied participation in CFIC's employee pension benefit plan ("ERISA Class Action Members").

3. Count III is brought by plaintiff Geer to redress violations of the Kansas Wage Payment Act, as amended, K.S.A. 44-313 *et seq.* ("KWPA").

**Parties**

4. Plaintiff Geer is an individual residing in the State of Kansas.

5. Plaintiff LaBouff is an individual residing in the State of Texas.

6. FLSA Collective Action Members are individuals who were in the past or are presently employed by CFIC, and who were not paid in accordance with the minimum wage and maximum hour requirements of the FLSA.

7. ERISA Class Action Members are individuals who were in the past or are presently employed by CFIC, and who were, at any time, denied participation in CFIC's employee pension benefit plan.

8. Defendant CFIC is a corporation incorporated under the laws of the State of Florida.

9. CFIC's corporate office and principal place of business is located at 1301 Seminole Blvd., Suite 140, Largo, FL 33780.

10. CFIC does business in the State of Kansas.

11. CFIC's registered agent is NRAI Services, Inc., 2731 Executive Park Drive, Suite 4, Weston, FL 33331.

12. Defendant Harold Barian ("Barian") is the President of CFIC. Barian resides in Florida.

13. Defendant Hiram E. Blomquist ("Blomquist") is the Vice President/Secretary of CFIC. Blomquist resides in Kansas.

14. Defendant Michael J. Riley ("Riley") is the Vice President/Treasurer of CFIC. Riley resides in Florida and/or Kansas.

15. Defendant Joe Ramis ("Ramis") is the Vice President of CFIC. Ramis resides in Florida.

16. Defendant Ken Rach ("Rach") is the Managing Director, Branch Operations of CFIC. Rach resides in Florida.

17. Defendant Trent Williamson ("Williamson") is the Managing Director, Branch Operations of CFIC. Williamson resides in Florida.

18. Defendant Chris Faoro ("Faoro") is the Assistant Treasurer and a Director of CFIC. Faoro resides in Kansas and/or Missouri. As identified on Nations Holding Company's year 2003 Form 5500 filed with the Department of Labor, Faoro is also the designated Administrator of Defendant The Holding Company 401K Plan, as defined in ERISA.

19. Defendant Michael Gonzales ("Gonzales") is a branch manager of the CFIC branch in Wichita, Kansas. Gonzales resides in Kansas.

20. Defendant Tod Howard ("Howard") is a branch manager of the CFIC branch in Wichita, Kansas. Howard resides in Kansas.

21. Defendant Nations Holding Company is a corporation incorporated in the State of Kansas. As identified on Nations Holding Company's year 2003 Form 5500 filed with the Department of Labor, Defendant Nations Holding Company is the sponsor of The Holding Company 401K Plan.

22. Defendant Piggybanker Stock Company is a corporation incorporated in the State of Florida. As identified on documents filed with the Florida Secretary of State, Defendant Piggybanker Stock Company is the owner of the entity operating under the fictitious name "CFIC Home Mortgage."

23. As identified on Nations Holding Company's year 2003 Form 5500 filed with the Department of Labor, Defendant The Holding Company 401K Plan is an employee welfare benefit plan sponsored by and offered by CFIC and/or Nations Holding Company.

24. Defendant Administrators of The Holding Company 401K Plan are the administrators of the Plan, as defined by ERISA.

## Class Action Allegations

25. Pursuant to Fed. R. Civ. P. Rule 23(a) and (b), the named Plaintiffs bring Counts II.A, II.B, II.C, and II.D on behalf of themselves and all other persons similarly situated. The class that Plaintiffs represent is composed of all current or former employees of CFIC who were denied participation in CFIC's employee pension benefit plan at any time from April 20, 2002, to the present (hereinafter the "Class").

26. This suit is properly maintainable as a class action under Fed. R. Civ. P. Rule 23(a), because the Class, estimated at over 1,000 members geographically dispersed throughout the country, is so numerous that joinder of all members is impracticable, there are questions of law or

fact common to the Class, the claims of the representative parties, Geer and LaBouff, are typical of the claims of the Class, and the representative parties will fairly and adequately protect the interests of the Class.

27. This suit is properly maintainable as a class action under Fed. R. Civ. P. Rule 23(b)(1) because the prerequisites of Fed R. Civ. P. Rule 23(a) are satisfied and the Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

28. This suit is properly maintainable as a class action under Fed. R. Civ. P. Rule 23(b)(2) because the prerequisites of Fed. R. Civ. P. Rule 23(a) are satisfied and questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

29. Each member of the Class has been wrongfully denied ERISA benefits flowing to each under the Plan, and Defendants have wrongfully interfered with each member's attainment of rights under the Plan.

30. Each member of the Class has a claim based on Defendants' discriminatory and fraudulent interference with protected rights under ERISA, federal common law ERISA fraud, and other legal and equitable relief against Defendants, and to recover costs and attorneys' fees as provided by ERISA and other applicable law.

31. There are questions of law and fact that are common to all Class members who have been damaged as a result of the Defendants' actions, including, without limitation, the following:

    a. Whether Defendants adopted and maintained an employee pension benefit plan governed by and not exempt from part or all of ERISA;

  b. Whether Defendants required eligible plan participants to decline participation in the employee pension benefit plan as a condition of employment and/or otherwise failed to allow eligible individuals to participate in the employee pension benefit plan as required by ERISA.

  c. Whether Defendants' actions violated federal common law arising under ERISA; and

  d. The nature and extent of the injury caused to the Plaintiffs as a result of Defendants' wrongful conduct.

32. The claims of the Class representatives, as set forth above, are typical of the claims of other Class members.

33. The named Plaintiffs and their designated counsel of record, will adequately represent the interests of the Class.

## Jurisdiction and Venue

34. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 1001, and 29 U.S.C. § 201 *et seq.* The Court has supplemental jurisdiction over Plaintiff Geer's state law claims pursuant to 28 U.S.C. § 1367.

35. Venue properly lies in this Court.

## Facts

36. CFIC is engaged in the business of brokering and originating mortgage loans.

37. CFIC operates 400 branch offices and is licensed to do business in 47 states plus the District of Columbia.

38. CFIC's corporate office administers the accounting, payroll, and human resources for all branch offices.

39. CFIC employs individuals as loan officers at its various offices.

40. CFIC pays all loan officers, including branch managers, as W-2 employees.

41. CFIC policy provides that a $100.00 "set-up fee" is charged to "enroll" each employee.

42. Loan officers are paid on a commission-only basis.

43. If a loan officer does not earn a commission during a pay period, the loan officer is not paid any wages for that pay period.

44. Loan officers routinely work workweeks for which they are not paid wages in an amount equal to or greater than the minimum wage.

45. Loan officers routinely work in excess of 40 hours per workweek.

46. If a loan officer works in excess of 40 hours in a workweek, the loan officer is not provided with overtime pay for time worked in excess of 40 hours per workweek.

47. Defendants Barian, Blomquist, Riley, Ramis, Rach, Williamson, Faoro, Gonzales, and Howard acted and/or act directly or indirectly in the interest of CFIC in relation to loan officers, including Geer and LaBouff.

48. CFIC employed Geer as a loan officer in its Wichita, Kansas branch office.

49. CFIC employed LaBouff as a loan officer in its Houston, Texas branch office.

50. At the time he began his employment with CFIC, Geer was required to submit a check in the amount of $150.00 as a "deposit."

51. During his employment with CFIC, Geer earned but was not paid commissions.

52. After Geer's employment with CFIC was terminated, his $150.00 "deposit" check was cashed.  Thus, not only did Geer receive no minimum wage, commissions, or other remuneration for the work he performed for CFIC, he was charged $150.00 for the work he performed for CFIC.

53. Defendants failed to maintain records required by the FLSA.

54. CFIC sponsors and maintains what it calls a "401K Plan," which is an employee pension benefit plan within the meaning of ERISA Section 3(2)(A), 29 U.S.C. § 1002(2)(A) (the "Plan").

55. Based on information filed with the Department of Labor Pension and Welfare Benefits Administration, the Plan is formally known as The Holding Company 401K Plan.

56. CFIC claims that it offers employees participation in the Plan.

57. CFIC purports that, under the terms of the Plan, employees can "start/change elective deferral contributions on any date" and can "elect to participate in the plan at any time."

58. However, CFIC requires, as a condition of employment, that all employees decline participation in the Plan. CFIC's New Hire Checklist, which is used company-wide, states that the "401K Decline Form **must be signed initially**."

59. Despite stating that CFIC employees can elect to participate in the Plan at any time, CFIC refuses to permit employees to join the Plan.

60. Plaintiff Geer initially completed his new hire paperwork by electing to participate in the Plan, but Defendants required him to fill out a new round of paperwork declining participation in the Plan as a condition of employment.

61. Plaintiff LaBouff informed Al Rodenburg ("Rodenburg"), his branch manager, that he wanted to participate in the Plan. Rodenburg told LaBouff that it was a condition of employment for him to decline participation in the Plan.

## Causes of Action
### Count I:  Fair Labor Standards Act Collective Action

62. Plaintiffs incorporate by reference paragraphs 1 through 61 of this Amended Complaint.

63. Loan officers employed by CFIC were subject to the minimum wage and maximum hour provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

64. Loan officers were not provided with pay at or above the minimum wage in each of various workweeks.

65. Loan officers worked more than 40 hours in each of various workweeks, but were not provided with overtime pay for all time worked in excess of 40 hours in a workweek.

66. Defendants, individually and/or collectively, knew or should have known the actual hours loan officers worked each week, and knew or should have known loan officers routinely worked in excess of 40 hours in a workweek.

67. Defendants, individually and/or collectively, knew or should have known loan officers were entitled to minimum wage for each workweek, and loan officers were entitled to additional compensation for all time worked beyond 40 hours in a workweek.

68. Defendants, individually and/or collectively, willfully refused to pay minimum wages to loan officers for each workweek.

69. Defendants, individually and/or collectively, willfully refused to provide loan officers with additional compensation for the overtime hours loan officers worked.

70. The actions and conduct of Defendants alleged in this Amended Complaint are ongoing.

71. Defendants' failure to pay minimum wage and overtime to loan officers violates the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and renders Defendants jointly and severally liable to Plaintiffs for unpaid wages, unpaid overtime, liquidated damages, interest, attorneys' fees, and costs.

### Count II.A:  ERISA § 502(a)(1)(B) ─ Failure to Pay Benefits (Class Allegation)

72. Plaintiffs incorporate by reference paragraphs 1 through 71 of this Amended Complaint.

73. The Plan was a pension benefit plan within the meaning of ERISA Section 3(2)(A), 29 U.S.C. § 1002 (2)(A), and is fully subject to ERISA.

74. The named Plaintiffs and other members of the ERISA Class were eligible to participate in the Plan under the Plan's terms.

75. Defendants wrongfully refused to allow Plaintiffs and other members of the Class to participate in the Plan and to receive benefits under the Plan.

76. To the extent necessary, Plaintiffs have taken all steps and exhausted all administrative remedies available to them in seeking payment of benefit sunder the Plan. Defendants' ongoing refusal to provide Plaintiffs with a copy of the Plan, as repeatedly requested by Plaintiffs' lawyers, has frustrated any attempts to further exhaust administrative remedies.

77. Defendants have acted arbitrarily and capriciously and have wrongfully denied benefits to Plaintiffs and the other members of the Class.

78. As a result of these actions, Plaintiffs and the other members of the Class have been damaged and are entitled to payment of benefits, statutory penalties, attorneys' fees, costs, and such other and further equitable relief as the Court finds appropriate.

**Count II.B: ERISA § 510 ─ Interference with Protected Rights (Class Allegation)**

79. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 78 of this Amended Complaint.

80. Plaintiffs and other class members, by virtue of their employment with Defendants, were entitled to participate in the Plan.

81. CFIC required Plaintiffs and other members of the Class to decline participation in the Plan as a condition of employment, for the purpose, at least in part, of interfering with the attainment of rights under the Plan. Plaintiffs and other class members would have suffered adverse employment actions had they not agreed to decline participation in the plan.

82. Although exhaustion of administrative remedies is not required under ERISA § 510, Plaintiffs have fully exhausted all administrative remedies. Defendants' ongoing refusal to provide Plaintiffs with a copy of the Plan as repeatedly requested by Plaintiffs' lawyers, has frustrated any attempts to further exhaust administrative remedies.

83. As a result of these actions, Plaintiffs and the other members of the Class have been damaged and are entitled to payment of benefits, statutory penalties, attorneys' fees, costs, and such other and further equitable relief as the Court finds appropriate.

### Count II.C: ERISA § 502(a)(3) ─ Action to Enforce the Terms of the Plan
### (Class Allegation)

84. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 83 of this Amended Complaint.

85. By the terms of the Plan, Plaintiffs and other class members were eligible to participate in the Plan.

86. Defendants, however, refused to allow Plaintiffs to participate in the Plan as a condition of employment.

87. As a result of these actions, Plaintiffs and the other members of the Class have been damaged and are entitled to an injunction to enforce the terms of the Plan, order Defendants' to cease conditioning employment on declining participation in the plan, payment of benefits, statutory penalties, attorneys' fees, costs, and such other and further equitable relief as the Court finds appropriate.

### Count II.D: Federal Common Law Fraud (Class Allegation)

88. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 87 of the Amended Complaint.

89. CFIC, by and through its employees and agents, initially represented to Plaintiffs and other class members that benefits were available to Plaintiffs under the Plan.

11

90. Nevertheless, Defendants did not intend to allow Plaintiffs to participate in the Plan, or pay benefits to Plaintiffs under the Plan.

91. By its action, Defendants intended to induce Plaintiffs to apply for employment with Defendants, forgoing other employment opportunities, and remain in Defendants' employ in anticipation of receiving benefits under the Plan.

92. Plaintiffs were unaware of Defendants' true intentions and reasonably relied, to their detriment, upon Defendants' misrepresentations regarding the Plan.

93. As a result of these actions, Plaintiffs and the other members of the Class have been damaged and are entitled to payment of benefits, statutory penalties, attorneys' fees, costs, and such other and further equitable relief as the Court finds appropriate.

**Count III:  Kansas Wage Payment Act (Plaintiff Geer Only)**

94. Plaintiff Geer incorporates by reference paragraphs 1 through 93 of this Amended Complaint.

95. Geer earned commissions.

96. Defendants CFIC, Gonzales, and Howard willfully failed to pay Geer his earned commissions.

97. Defendants' failure to pay wages owed to Geer violates the provisions of the Kansas Wage Payment Act, K.S.A. § 44-312 *et seq.*, and renders Defendants CFIC, Gonzales, and Howard jointly and severally liable to Geer for unpaid wages, penalties, interest, attorneys' fees, and costs.

WHEREFORE, Plaintiffs pray for judgment against Defendants, jointly and severally, in an amount in excess of $75,000, as follows:

A. An amount equal to Plaintiffs' unpaid back wages and overtime at the applicable rates;

B.  An equal amount of Plaintiffs' unpaid back wages and overtime as liquidated damages;

C.  Injunctive relief enforcing the terms of the Plan;

D.  Damages resulting from denying eligible persons the right to participate in the Plan;

E.  An amount equal to Plaintiff Geer's unpaid commissions;

F.  Penalties for plaintiff Geer's unpaid commissions;

G.  All costs and attorneys' fees incurred pursuant to these claims;

H.  Pre-judgment interest, calculated at the maximum rate allowed by law;

I.  Post-judgment interest at the legal rate from the date of the judgment until paid in full;

J.  Leave to add additional Plaintiffs by the filing of written consents, by motion, or by any other method prescribed by law or approved by the Court; and

K.  Such other and further relief as the Court may deem just and appropriate.

Plaintiffs reserve the right to amend their demand for judgment as new information is discovered during the course of this case.

Respectfully submitted,

FOULSTON SIEFKIN LLP
1551 North Waterfront Parkway, Suite 100
Wichita, Kansas  67206-4466
Telephone:  316-267-6371
Facsimile:   316-267-6345

By /s/ Boyd A. Byers
    Boyd A. Byers    # 16253
    Sophie K. Counts    # 21245
    *Attorneys for Plaintiffs*

**DEMAND FOR JURY TRIAL**

Plaintiffs, pursuant to Fed. R. Civ. P. 38(b), hereby request a jury trial on all non-ERISA claims in the above-captioned matter.

Respectfully submitted,

FOULSTON SIEFKIN LLP
1551 North Waterfront Parkway, Suite 100
Wichita, Kansas  67206-4466
Telephone:  316-267-6371
Facsimile:   316-267-6345

By /s/ Boyd A. Byers
   Boyd A. Byers          # 16253
   Sophie K. Counts       # 21245
      *Attorneys for Plaintiffs*

## DESIGNATION OF PLACE OF TRIAL

Plaintiffs designate Wichita, Kansas, as the place of trial of this matter.

        Respectfully submitted,

        FOULSTON SIEFKIN LLP
        1551 North Waterfront Parkway, Suite 100
        Wichita, Kansas  67206-4466
        Telephone:  316-267-6371
        Facsimile:   316-267-6345

        By /s/ Boyd A. Byers
           Boyd A. Byers        # 16253
           Sophie K. Counts    # 21245
           *Attorneys for Plaintiffs*

### CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of December, 2005, I electronically filed the foregoing **Amended Complaint-Class Action** with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

> Donald N. Peterson, II
> Withers, Gough, Pike, Pfaff & Peterson, L.L.C.
> O.W. Garvey Building
> 200 West Douglas, Suite 1010
> Wichita, KS 67202
> E-mail:  dpeterson@withersgough.com
>     *Attorney for Defendants*

   /s/ Boyd A. Byers
Boyd A. Byers