## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JEFFREY A. GEER, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 05-1109-JTM |
| | ) | |
| CHALLENGE FINANCIAL | ) | |
| INVESTORS CORP d/b/a CFIC | ) | |
| HOME MORTGAGE and | ) | |
| CHALLENGE MORTGAGE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiffs' Motion for Leave to File Second Amended

Complaint (Doc. 41) and supporting Memorandum (Doc. 42), filed January 31,

2006.  Pursuant to this motion, Plaintiffs seek to add a claim under 29 U.S.C. §

1132(c)(1)(B) against Defendants Nations Holding Company and The Holding

Company, in their capacity as Administrators of The Holding Company 401(k)

Plan.  Plaintiffs allege that Defendants failed to timely provide information

required to be disclosed under the Employee Retirement Income Security Act of

1974, as amended, 29 U.S.C. § 1001, *et seq*. ("ERISA").  Defendants did not file a

response, and any response would have been due on or before February 14, 2006.

*See* D. Kan. Rule 6.1(d)(1) (responses to non-dispositive motions are to be filed

within 14 days).

## BACKGROUND

Plaintiff Jeffrey Geer filed the original complaint (Doc. 1) on April 20, 2005, "on behalf of himself and other past and present employees similarly situated," alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Kansas Wage Payment Act, K.S.A. § 44-312, *et seq.*  An answer to Plaintiffs' original complaint was filed on behalf of all Defendants on June 9, 2005, in which Defendants denied their actions violated the two acts referenced.  (Doc. 10.)  On June 17, 2005, Plaintiff Gerald LaBouff filed a Notice of Consent to opt-in and participate in the action as a party Plaintiff.  (Doc. 12.)

On November 9, 2005, Plaintiffs filed their first Motion for Leave to File Amended Complaint (Doc. 21) and supporting Memorandum (Doc. 22), wherein they requested leave to amend their complaint to add four related class action claims under ERISA.[1]  Over Defendants' objections (Doc. 28), the Motion to Amend (Doc. 21) was granted on December 22, 2005 (Doc. 31.)  Plaintiffs' first Amended Complaint, containing Plaintiffs' class action claims, (Doc. 33) was filed that same day.

---

[1] Plaintiffs also requested that the caption be amended to include LaBouff as a named Plaintiff and to include various new Defendants.  (Doc. 22.)

As stated previously, the present motion was filed on January 31, 2006. (Doc. 41.)  Pursuant to this motion, Plaintiffs seek to amend their complaint a second time to add a claim under 29 U.S.C. § 1132(c)(1)(B) against Defendants Nations Holding Company and The Holding Company, in their capacity as Administrators of The Holding Company 401(k) Plan.  Plaintiffs allege that Defendants failed to timely provide information required to be disclosed under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq*. ("ERISA").  Defendants did not file a response to Plaintiffs' motion and the time to do so has passed.

## DISCUSSION

Fed. R. Civ. P. 15(a) provides that leave to amend shall be freely given when justice so requires.  In the absence of any apparent or declared reason, such as undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment, leave to amend should, as the rules require, be freely given.  ***Foman v. Davis***, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962); ***Frank v. U.S. West, Inc.***, 3 F.3d 1357, 1365 (10th Cir. 1993).

Further, "[i]f a respondent fails to file a response within the time required by Rule 7.1(b), the motion will be considered and decided as an uncontested motion,

and ordinarily will be granted without further notice." ***D.Kan. Rule 7.4***.  As stated previously, Defendants have not filed a response to Plaintiffs' motion and the time to do so has expired.  The Court finds Plaintiffs' motion to be both unopposed and facially valid.  Plaintiffs' Motion for Leave to File Second Amended Complaint is, therefore, GRANTED.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Leave to File Second Amended Complaint is GRANTED.  Plaintiffs shall file their Second Amended Complaint in the form attached to their motion within **ten (10) days** of the date of this Order.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas on this 28th day of February, 2006.

       s/ Donald W. Bostwick
DONALD W. BOSTWICK
United States Magistrate Judge