# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JEFFREY A. GEER and GERALD LABOUFF, on behalf of themselves and other past and present employees similarly situated, ) ) ) )<br><br>Plaintiffs, )<br>)<br>v. )<br>)<br>CHALLENGE FINANCIAL )<br>INVESTORS CORP. d/b/a CFIC )<br>HOME MORTGAGE and )<br>CHALLENGE MORTGAGE, et al., )<br>)<br>Defendants. ) | Case No. 05-1109-JTM-DWB |

## ORDER

By Memorandum and Order filed October 17, 2005, the Court granted Plaintiff's motion to expedite Rule 216(b) notice and directed Defendant to disclose the name, last known address and telephone number of each loan officer employed by Challenge Financial Investors Corp. at any time from April 20, 2002 to the present. (Doc. 17 at 12.) The Court withheld approval of the form of notice until the parties had the opportunity to submit supplemental briefing as to the notice form and the time by which persons wishing to opt in would be required to respond to the notice. *Id.* at 14.

On October 27, 2005, Defendant filed a motion for reconsideration (Doc. 19). Plaintiff filed a timely response opposing reconsideration. (Doc. 23.) Then, on November 18, 2005, Defendant filed a Motion to Dismiss (Doc. 26) which raised substantially the same legal issues as were raised in the motion for reconsideration, *i.e.,* whether Defendant's offers of judgment to the two named and opt in plaintiffs rendered the FLSA claims moot.

By Order filed December 22, 2005 (Doc. 32), the Court denied Defendant's Motion to Reconsider the Court's Order Granting Plaintiff's Motion to Expedite Section 216(b) Notice (Doc. 19.) In doing so, the Court also allowed the parties additional time to submit supplemental briefing concerning the form of the notice to be sent to potential class member. *Id.* at 4. The time for filing any supplemental briefs has expired and no briefs have been filed. Instead, the Court received an e-mail communication from counsel dated January 6, 2006, advising that counsel had reached an agreement as a proposed notice form to send to potential collective action members and attaching a copy of that notice.

On March 2, 2006, the Court held a telephone status conference with counsel to discuss whether Plaintiff was authorized to send the agreed notice form. Plaintiff wishes to send the notice as soon as possible due to the running of the statute of limitations governing FLSA claims, and is willing to risk the possibility

that the FLSA claims might later be dismissed by the District Judge. Defendant would prefer that the motion to dismiss be resolved prior to the sending of notice to avoid possible confusion to the loan officers who will receive the notices and who have been identified by Defendant pursuant to the Court's prior orders. After the motion to dismiss was fully briefed, *see* Doc's 27 and 30, a new person filed a notice of consent to opt in to this case, *see* Doc. 45, and counsel are considering whether this may affect the issue of mootness upon which the motion to dismiss is based.[1]

The Court is concerned that the passage of time without the issuance of notice may substantially reduce the period of time for which any loan officers might seek recovery in this case were they eventually successful in establishing a violation of the FLSA. This case has been on file for almost eleven months and there is a possibility that the parties may seek to file additional briefs concerning the pending motion to dismiss, thus delaying resolution of that motion. On the other hand, the Court is mindful of the possible confusion that might exist if a

---

[1] It should be noted that even if the FLSA claims are ultimately dismissed, that will not resolve the entire case. Plaintiff has been granted leave to file two amended complaints raising ERISA issues and adding new defendants. *See* Doc. 33, Amended Complaint, and Doc. 51, Second Amended Complaint. Both of these amended complaints are filed as Rule 23 Class Actions. Apparently any potential class that might be certified as to the ERISA claims would include the loan officers who are to receive Rule 216(b) notices but might also include other persons.

FLSA notice is sent to the loan officers, and then those claims are subsequently dismissed. This possibility, however, does not outweigh the Court's concern about the effect a delay in sending notice might ultimately have on potential claims by loan officers who might wish to opt in to this case.[2]

Accordingly, the Court hereby formally approves the form of notice which has been approved by counsel, a copy of which is an attachment to this Order. The Court further authorizes the immediate sending of such notice by Plaintiff to those loan officers identified by Defendant pursuant to the Court's prior orders.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas on this 3rd day of March, 2006.

                                            s/ Donald W. Bostwick
                                            DONALD W. BOSTWICK
                                            United States Magistrate Judge

---

[2] The sending of notice could theoretically be delayed indefinitely if every time a new loan officer opts in to this case, Defendant makes a offer of judgment as to that individual. The process of determining whether the FLSA claims had then been mooted could become a never-ending process.