IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JEFFREY A. GEER and GERALD LABOUFF, on behalf of themselves and other past and present employees similarly situated,<br><br>    Plaintiffs,<br><br>    vs.<br><br>CHALLENGE FINANCIAL INVESTORS CORP, d/b/a CFIC HOME MORTGAGE and CHALLENGE MORTGAGE, et al.,<br><br>    Defendants. | Case No. 05-1109-JTM |

**MEMORANDUM AND ORDER**

This matter comes before the court on the defendants' Motion to Dismiss (Dkt. No. 27). Defendants argue that their offers of settlement to the then-named plaintiffs provide a basis for dismissing this action. Plaintiffs advance several responses, including: 1) the offer of judgment does not apply to the named plaintiffs in a Rule 23 class action; 2) the offer of judgment does not exceed the amounts that may be recovered; 3) the collective action had already been certified when the defendants filed an offer of judgment; and 4) the offer of judgment to two plaintiffs does not moot the entire FLSA collective action. After reviewing the parties' arguments, the court denies as moot defendants' motion.

**I. BACKGROUND**

On April 20, 2005, plaintiff Jeffrey A. Geer ("Geer"), a former CFIC loan officer in

Wichita, Kansas, filed a complaint alleging a collective action pursuant to Section 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.  On May 15, 2005, plaintiffs filed a Motion to Facilitate and Expedite Section 216(b) Notice to other potential plaintiffs.

On June 17, 2005, Gerald LaBouff, a former CFIC loan officer in Houston, Texas, filed a Consent to Opt In and Participate as Party Plaintiff.

On September 19, 2005, defendants filed an offer of judgment to Jeffery Geer in the amount of $8,500 plus costs and reasonable attorneys' fees, which defendants allege exceeds any judgment plaintiff could hope to recover.

On October 17, 2005, the court granted plaintiffs' Motion to Facilitate and Expedite Section 216(b) Notice.

On October 27, 2005, defendants filed an offer of judgment to Gerald LaBouff in the amount of $8,500 plus costs and reasonable attorneys' fees, which defendants allege exceeds any judgment plaintiff could hope to recover.  Subsequently on the same date, defendants filed a Motion to Reconsider the Court's Order Granting Plaintiffs' Motion to Expedite Section 216(b) Notice.

Plaintiffs filed a Motion for Leave to File Amended Complaint on November 9, 2005. The proposed Amended Complaint attached to plaintiffs' supporting Memorandum alleges Rule 23 class action claims under ERISA based on defendants' systemic refusal to allow eligible employees to participate in the 401(k) plan. The court granted the motion on March 1, 2005.

After the filing of the parties' briefs, counsel for plaintiff notified the court that Tiffany Jackson had consented to opting in and participating as party plaintiff.

**II. STANDARD OF REVIEW**

Defendants advance their claim of dismissal pursuant Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction while plaintiffs advance their arguments under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  The court finds that this case is more appropriately analyzed under Fed. R. Civ. P. 12(b)(1).  See Vogel v. American Kiosk Management, 371 F. Supp.2d 122, 128 (D. Conn. 2005) (applying Fed. R. Civ. P. 12(b)(1) to determine whether a case or controversy survives an offer of judgment).  Federal courts are courts of limited jurisdiction and may exercise jurisdiction only when specifically authorized to do so.  Castaneda v. INS, 23 F.3d 1576, 1580 (10th Cir. 1994).  Article III, Section 2 of the Constitution limits federal court jurisdiction to cases involving actual "controversies."  "[I]t is well settled that federal courts may act only in the context of a justiciable case or controversy." Benton v. Maryland, 395 U.S. 784, 788 (1969); Liner v. Jafco, Inc., 375 U.S. 301, 306 n. 3 (1964).  "A court lacking jurisdiction must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." Scheideman v. Shawnee County Bd. of County Comm'rs, 895 F. Supp. 279, 280 (D. Kan.1995) (citing Basso v. Utah Power and Light Co., 495 F.2d 906, 909 (10th Cir. 1974)); Fed. R. Civ. P. 12(h)(3).  The party seeking to invoke a federal court's jurisdiction sustains the burden of establishing that such jurisdiction is proper.  Id.  When federal jurisdiction is challenged, the plaintiff bears the burden of showing why the case should not be dismissed. Jensen v. Johnson County Youth Baseball, 838 F. Supp. 1437, 1439-40 (D. Kan. 1993).

**III. ANALYSIS**

Federal Rule of Civil Procedure 68 provides that "a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued." Fed. R.

Civ. P. 68. Where a defendant makes a Rule 68 offer of judgment and it is accepted, the case is settled and there is no longer a controversy. In cases where a plaintiff rejects an offer of judgment that would fully compensate the plaintiff, the case may still be mooted. See Gresiz v. Household Bank (Illinois), 176 F.3d 1012, 1015 (7th Cir. 1999) (equating an offer of settlement to a default judgment that eliminates a legal dispute upon which federal jurisdiction can be based). As Chief Judge Richard Posner stated, "you cannot persist in suing after you've won." Id. The courts have noted that "Rule 68 provides an additional inducement to settle when there is a strong likelihood 'that the plaintiff will obtain a judgment but the amount of recovery is uncertain.'" Vogel, 371 F. Supp.2d at 126 (citing Delta Air Lines, Inc. v. August, 450 U.S. 346, 352, 101 S.Ct. 1146, 67 L.Ed.2d 287 (1981)). "The offer of judgment rule 'prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits.'" Id. (citing Marek v. Chesny, 473 U.S. 1, 5, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985)).

Courts have recognized fundamental distinctions between the application of Rule 68 to collective actions filed pursuant to FLSA and class actions filed pursuant to Fed.R.Civ.P. 23. See Vogel, 371 F. Supp. 2d at 127-128. This stems from the difference in the two types of actions:

> There is a fundamental, irreconcilable difference between the class action described by Rule 23 and that provided for by FLSA § 16(b). In a Rule 23 proceeding a class is described; if the action is maintainable as a class action, each person within the description is considered to be a class member and, as such, is bound by judgment, whether favorable or unfavorable, unless he has "opted out" of the suit. Under § 16(b) of FLSA, on the other hand, no person can become a party plaintiff and no person will be bound by or may benefit from judgment unless he has affirmatively "opted into" the class; that is, given his written, filed consent.

Mackenzie v. Kindred Hospitals East, L.L.C., 276 F. Supp. 2d 1211, 1216 (M.D. Fla. 2003) (citing LaChapelle v. Owens-Illinois, Inc., 513 F.2d 286, 289 (5th Cir. 1975)). See 29 U.S.C. § 216(b) ("no employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."). Based on the different framework of collective actions, courts permit Rule 68 offers to stand against FLSA plaintiffs because they present only their own claims. Vogel, 371 F. Supp. 2d at 128. Unlike in a Rule 23 class action, an offer of judgment to an FLSA plaintiff will not adversely affect the rights of others. MacKenzie, 276 F.Supp. 2d 1211, 1217 (M.D. Fla. 2003).

In MacKenzie, the magistrate judge recommended entering a judgment based on defendant's offer of judgment because "plaintiff had failed to identify any similarly situated individual who had expressed interest in filing a written consent to join [the] lawsuit as required by the FLSA." MacKenzie, 276 F. Supp. 2d at 1213. Where there are other similarly situated individuals who have filed written consent to join in the suit, the court will dismiss the case for want of jurisdiction. Reed v. The TJX Companies, Inc., No. 04C1247, 2004 WL 2415055, at *2 (N.D. Ill. Oct. 27, 2004). The Reed court was particularly concerned with defendant's ability to purposefully moot an action between the time of filing and notification by offering settlements before others could opt in. Id. at *3. At such an early stage of litigation where discovery had not been undertaken, the court was reluctant to allow "defendants to bar the courtroom door." Id. Similarly, the court in Reyes disapproved of a defense strategy of providing an offer of judgment to an initial plaintiff as a means of barring the claim from proceeding as to all similarly situated plaintiffs. Reyes v. Carnival Corp., No. 04-21861, 2005 U.S. Dist. LEXIS 11948, at * 9-10 (S.D. Fla. May 25, 2005). The court noted that such an approach violated the policies behind FLSA

and permitted defendant to evade a collective action by making an offer of judgment at the earliest possible time. Id. at *10-11.

After reviewing the briefs and subsequent developments in this case, the court finds that dismissal is not appropriate. First, after defendant's offer to two plaintiffs, the court received notice of a third plaintiff who has not received an offer of settlement. While it is possible that an offer may be extended to her, her presence moots the issue of dismissal. See MacKenzie, 276 F. Supp. 2d at 1213. Second, defendants extended $8,500 plus costs and attorney fees as the appropriate judgment. The court is uncertain whether this amount constitutes full judgment. In their brief, defendants do not describe how they adduced $8,500 as full judgment. Although defendants do not have to prepare an itemized, detailed accounting, the court requires more than a parties' blanket claim of full judgment. Marek v. Chesny, 473 U.S. 1 (1985); Olds v. National Capital Management, Ltd., Civ.A. No. 87-2589-0, 1988 WL 130622, at *1 (D. Kan. 1988). As expected, plaintiffs argue that the offers are not sufficient. They also add that the ERISA claims in their amended complaint would entitle them to more. As a result, the court cannot conclude that the offers constitute full judgment.

Finally, the issue most troubling to the court is the procedural loop that Rule 68 creates for FLSA plaintiffs. It is possible for defendants to continue making offers of judgments to plaintiffs who opt in and then ask the court to consider dismissal based on the lack of subject matter jurisdiction. At the same time, plaintiffs may continue to introduce new plaintiffs whose presence will moot the issue of dismissal. Through the motion to dismiss, the court will be drawn into the parties' tussle over jurisdiction. Plaintiffs offer one alternative – that the conditional certification of this action should be the point at which the court will no longer

and permitted defendant to evade a collective action by making an offer of judgment at the earliest possible time. Id. at *10-11.

After reviewing the briefs and subsequent developments in this case, the court finds that dismissal is not appropriate. First, after defendant's offer to two plaintiffs, the court received notice of a third plaintiff who has not received an offer of settlement. While it is possible that an offer may be extended to her, her presence moots the issue of dismissal. See MacKenzie, 276 F. Supp. 2d at 1213. Second, defendants extended $8,500 plus costs and attorney fees as the appropriate judgment. The court is uncertain whether this amount constitutes full judgment. In their brief, defendants do not describe how they adduced $8,500 as full judgment. Although defendants do not have to prepare an itemized, detailed accounting, the court requires more than a parties' blanket claim of full judgment. Marek v. Chesny, 473 U.S. 1 (1985); Olds v. National Capital Management, Ltd., Civ.A. No. 87-2589-0, 1988 WL 130622, at *1 (D. Kan. 1988). As expected, plaintiffs argue that the offers are not sufficient. They also add that the ERISA claims in their amended complaint would entitle them to more. As a result, the court cannot conclude that the offers constitute full judgment.

Finally, the issue most troubling to the court is the procedural loop that Rule 68 creates for FLSA plaintiffs. It is possible for defendants to continue making offers of judgments to plaintiffs who opt in and then ask the court to consider dismissal based on the lack of subject matter jurisdiction. At the same time, plaintiffs may continue to introduce new plaintiffs whose presence will moot the issue of dismissal. Through the motion to dismiss, the court will be drawn into the parties' tussle over jurisdiction. Plaintiffs offer one alternative – that the conditional certification of this action should be the point at which the court will no longer

consider the motion to dismiss based on offers of judgments. However, plaintiffs cite no authority for this assertion. Although nothing in the rules prevents the parties from engaging in tactics to moot the case early on, this court is reluctant to allow defendants to bar the courtroom doors so early in the litigation.

IT IS ACCORDINGLY ORDERED this 14th day of March 2006, that the court denies defendants' Motion to Dismiss (Dkt. No. 27).

s/ J. Thomas Marten<br>
J. THOMAS MARTEN, JUDGE