FOULSTON SIEFKIN LLP
1551 North Waterfront Parkway, Suite 100
Wichita, Kansas 67206-4466
Telephone: 316-267-6371
Facsimile: 316-267-6345
E-mail: bbyers@foulston.com
E-mail: jlacey@foulston.com
E-mail: scounts@foulston.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEFFREY A. GEER, et al., on behalf of themselves )
and other past and present employees similarly situated, )
)
                Plaintiffs, )
)
v. ) Civil Action No. 05-CV-1109-JTM
)
CHALLENGE FINANCIAL INVESTORS CORP., et al., )
)
                Defendants. )
_____ )

**NOTICE OF DEPOSITION OF DEFENDANT CFIC DUCES TECUM**
**PURSUANT TO FED. R. CIV. P. 30(b)(6)**

TO:    CLERK OF THE COURT

        Donald N. Peterson, II
        Alan R. Pfaff
        Withers, Gough, Pike, Pfaff & Peterson, L.L.C.
        O.W. Garvey Building
        200 West Douglas, Suite 1010
        Wichita, KS 67202

        Scott A. Fisher
        Fowler White Boggs Banker, P.A.
        501 First Ave. N., Suite 900
        St. Petersburg, FL 33901

    Russell S. Buhite
    Fowler White Boggs Banker P.A.
    501 E. Kennedy Boulevard, Suite 1700
    Tampa, FL  33602

        *Attorneys for Challenge Defendants*

    Paul E. Donnelly
    Scott C. Hecht
    Kathleen A. Ryan
    Christopher J. Leopold
    Stinson Morrison Hecker LLP
    1201 Walnut, Suite 2900
    Kansas City, MO  64106-2150

        *Attorneys for Nations Defendants*

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 30(b)(6) and 45 and D. Kan. Rule 30.1, plaintiffs will take the deposition of defendant Challenge Financial Investors Corp. ("CFIC") upon oral examination, to be recorded by stenographic means and videotape, at a mutually agreed upon location.  Defendant CFIC is requested to designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf concerning the subject matters described on Attachment "A" hereto.  Such person or persons are requested to bring with them to the deposition any and all documents relied on or referred to in preparing for the deposition, and any and all documents relating to the subject matters set forth in Attachment "A," unless such documents have previously been produced pursuant to other requests.  The deposition will commence at a time and on a date to be agreed upon by counsel, and will continue until completed.

Respectfully submitted,

FOULSTON SIEFKIN LLP
1551 N. Waterfront Parkway, Suite 100
Wichita, Kansas 67206-4466

By */s/ Boyd A. Byers*
   Boyd A. Byers        # 16253
    Direct Tel: 316-291-9716
    Direct Fax: 866-738-3152
    E-mail: bbyers@foulston.com
   Jason P. Lacey       # 19957
    Direct Tel: 316-291-9756
    Direct Fax: 866-346-2025
    E-mail: jlacey@foulston.com
   Sophie K. Counts     # 21245
    Direct Tel: 316-291-9771
    Direct Fax: 866-738-3153
    E-mail: scounts@foulston.com
     *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of February, 2007, I electronically filed the foregoing **Notice of Deposition of Defendant CFIC Duces Tecum Pursuant to Fed. R. Civ. P. 30(b)(6)** with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

    Donald N. Peterson, III
    Allan R. Pfaff
    Scott A. Fisher
    Russell S. Buhite
        *Attorneys for Challenge Defendants*

    Paul E. Donnelly
    Scott C. Hecht
    Kathleen A. Ryan
    Christopher J. Leopold
        *Attorneys for Nations Defendants*

        /s/ Boyd A. Byers
        Boyd A. Byers       # 16253

3

Attachment "A"

A. For the years 2002 to the present, the corporate structure of Challenge Financial Investors Corp. ("CFIC") and its owner(s) and parent, subsidiary, and other affiliated companies, including but not limited to:

   1. CFIC's Articles of Incorporation and Bylaws;
   2. the identity and responsibilities of owners, officers and directors, and managers of CFIC;
   3. the identity of all of CFIC's direct or indirect parent and/or subsidiary organizations and all organizations under direct or indirect common control or ownership with CFIC;
   4. the location and general operating function of any branch offices of CFIC;
   5. the number of employees employed by CFIC, as a whole, and at each branch office;
   6. the job titles of those employees; and
   7. the products or services provided by CFIC, including the variety of loan products and any other services offered by CFIC.

B. The functions and operations carried out at CFIC's corporate office, including but not limited to a description of the accounting, human resources, legal, operations, and any other functions carried out by CFIC from said office.

C. The daily job duties and responsibilities of CFIC branch managers, loan officers, and loan processors, and the manner in which such employees are and have been compensated from January 2002 to the present.

D. From 2002 to the present, the manner in which compensation and payroll decisions are or were made for CFIC loan officers and loan processors, including but not limited to:

   1. the decision, and the basis thereof, to pay loan officers on a commission-only basis, and/or not to pay them minimum wages or overtime, and the person(s) involved in that decision;
   2. how each individual branch manager's, loan officer's, or loan processor's compensation is determined on a weekly or monthly basis;

E. The creation, revision, adoption, implementation, interpretation, administration, and communication to employees, of CFIC's policies, procedures, and practices, whether in writing, verbal, or *de facto* from January 2002 to the present, including, but not limited to, the following areas:

   1. compensation;
   2. calculation and payment of commissions;
   3. classification of loan officers as employees or independent contractors;
   4. payment errors;
   5. timekeeping;
   6. overtime pay;

1

      7.       pay period and business or work hours;
      8.       payment upon termination from employment;
      9.       compensation reviews;
      10.     work schedules and employee attendance; and
      11.     Nations Holding Company 401(k) Plan.

F.     The training of CFIC loan officers and loan processors, and the drafting, revision, interpretation, and administration of policies, procedures, and practices applicable to loan officers and loan processors from January 2002 to the present, including but not limited to the following information set forth and described in CFIC's Branch Manger's Manual and Employee Manual: CFIC corporate structure and job descriptions; office hours; sales development; sales presentation; the application process; and regulatory compliance.

G.     Information relating to CFIC's use of computers and information technology, including in the following areas:

      1.       The numbers, types, and locations of computers, (including desktops, lab tops, PDAs, cell phones, etc.) currently in use and/or no longer in use, if such computers were put out of use between January 2002 and the present;
      2.       Past and present operating systems and application software, including dates of use and number of users;
      3.       The named version of the network operating system currently in use, or any such systems used since January 2002 but no longer in use, but relevant to the subject matter of this action, including size in terms of storage capacity, number of users supported, and dates/descriptions of system upgrades;
      4.       File naming and location saving conventions;
      5.       Disk and/or tape labeling conventions;
      6.       Backup and archival disks or tape inventories, schedules, or logs;
      7.       The most likely location of electronic records relevant to the subject matter of this action including, but not limited to, any electronic documents related to loan officers, loan processors, compensation, training, tracking sheets, and CFIC's policies and procedures as described above;
      8.       The backup rotation schedules and archiving procedures, including any automatic data recycling programs in use at any relevant time;
      9.       Electronic records management policies and procedures;
      10.     CFIC's policies regarding employee use of computers, data, and other technology;
      11.     The identities of all current and former personnel who have had or had access to network administration, backup, archiving or other system operations from January 2001 to the present;

H.     Any and all complaints by any current or former CFIC employee regarding CFIC's compensation of any employee(s), or failure to pay minimum wages and/or overtime to employees, any and all communications regarding said complaints, and CFIC's investigation, response, and remedial action, if any, in response to each such complaint.

2

I. CFIC's policies, procedures, and practices for creating, keeping, filing, maintaining, using, deletion or destruction of records, files, documents, and data relating to its employees, including but limited to documents containing the following information: the employee's full name and social security number; current or last known home address, including zip code; sex and occupation; time and day of week when employee's workweek began; regular rate of pay for any week in which overtime is due, including an explanation of the amount and nature of each payment which is excluded from the regular rate; the wage used in determining the employee's straight-time earnings for each pay period; hours worked each day; total hours worked each workweek; total daily or weekly straight-time earnings; total wages paid each pay period; and date of payment and the pay period covered by the payment.

J. CFIC's investigation and response to any and all inquiries, complaints, and/or claims (including, but not limited to, claims for benefits) by any current or former CFIC employees regarding the Nations Holding Company 401(k) Plan (the "Plan"), including, but not limited to, inquiries, complaints, and/or claims (including, but not limited to, claims for benefits) regarding any employee's ability to participate in the Plan.

K. The process, procedure, and practice by which CFIC employees may enroll (or attempt to enroll) in the Plan, including, but not limited to:

   1. Any prerequisites or requirements for employee eligibility to participate in the Plan;
   2. The creation, drafting, revision, interpretation, and administration of CFIC's 401(k) Decline Form (Document CFIC000230);
   3. The process, procedure, and practice by which employees who sign the 401(k) Decline Form can later elect to enroll in the Plan; and
   4. Any enrollment fee, annual service fee, or other administrative or recordkeeping fee that CFIC is required to pay for each CFIC employee who elects to participate in the Plan.

L. The amount and frequency of any and all discretionary contributions that CFIC has made to accounts of participants under the Plan from January 2002 to the present, as well as the process, procedure, and practice by which CFIC determines to make such discretionary contributions.

M. The amount and frequency of any and all non-elective and/or matching contributions that CFIC has made to the accounts of participants under the Plan from January 2001 to the present, as well as the process, procedure, and practice by which such contributions are made.

N. The amount of participant elective contributions (whether pre-tax or post-tax) made to the Plan each plan year from the plan year ending on or before December 31, 2001 to the present, as well as the actual deferral percentage (ADP) and actual contribution percentage (ACP) of all highly compensated employees under the Plan for each such plan year and the ADP and ACP of all non-highly compensated employees under the Plan for each such plan year.

3

O.     The process, procedure, and practice by which the Plan pays benefits to employees.

P.     Communication to employees, processing, handling, administration, and operation of the Plan. This includes but is not limited to matters such as eligibility, enrollment, Plan elections and election changes (e.g., contribution elections, investment elections, and beneficiary designations), distribution/withdrawal requests and disbursements, loan requests and disbursements, and the distribution, collection, and retention of forms and documents concerning these matters.

Q.     The specific identity, origin, location, content, and significance of all documents identified in CFIC's Rule 26 initial disclosures and/or CFIC's responses to document production requests by plaintiffs.

R.     The basis and substance of CFIC's interrogatory answers to plaintiffs.

S.     CFIC's license, charter, or other legal basis to originate loans in all fifty (50) states, including, but not limited to the identity of the federal bank or financial institution that holds the license or charter; CFIC's contracts, agreements, or other relationships with any such entity; and the laws that permit CFIC to originate loans pursuant to its relationship with any such entity.

T.     The title/position(s), role, responsibilities, job requirements of Michael Wise and any affiliation or relationship he has with CFIC or any of its affiliated organizations.