## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JEFFREY A. GEER, GERALD LABOUFF, DAVID BERRY, JESSICA CASPER, CATHY JAMES, ANGELA MOUNT, IRA L. PARKER, III, and RYAN PATTERSON on behalf of themselves and other past and present employees similarly situated, ) ) ) ) ) ) ) )   Plaintiff, ) ) v.                                                 ) ) CHALLENGE FINANCIAL INVESTORS ) CORP. d/b/a CFIC HOME MORTGAGE ) and CHALLENGE MORTGAGE; HAROLD ) BARIAN; HIRAM E. BLOMQUIST; ) MICHAEL J. RILEY; JOE RAMIS; KEN ) RACH; TRENT WILLIAMSON; CHRIS ) FAORO; MICHAEL GONZALES; TOD ) HOWARD, NATIONS HOLDING COMPANY; ) THE NATIONS HOLDING COMPANY 401K ) PLAN; ADMINISTRATORS OF THE HOLDING ) COMPANY 401K PLAN; PIGGYBANKER ) STOCK COMPANY, and CHRIS LIKENS ) )   Defendants.                         ) ) | Case No. 05-1109 JTM |

### MEMORANDUM IN SUPPORT OF MOTION BY CFIC AND PIGGYBANKER STOCK COMPANY FOR PROTECTIVE ORDER REGARDING PLAINTIFFS' 30(b)(6) DEPOSITION NOTICES

COME NOW defendants Challenge Financial Investors Corp. ("CFIC") and Piggybanker Stock Company ("Piggybanker"), collectively "the defendants," and in support of their motion for a protective order regarding plaintiffs' Rule 30(b)(6) deposition notices, submit this memorandum.

### NATURE OF THE CASE

This is an employment case in which plaintiffs have brought wage-hour claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and various state statutes, as well as

claims relating to a 401(K) Plan under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* (ERISA).

## NATURE OF THE MOTION

On February 22, 2007, plaintiffs submitted deposition notices pursuant to Fed. R. Civ. P. 30(b)(6) to defendants. Attached to both of these notices are nearly identical documents marked "Attachment A," listing the various topics to be covered at the depositions. These topics are labeled "A" through "T," and the topics that defendants object to will be identified below by their respective letter designations. There is much in these notices to which defendants do not object, but there are a number of specific items identified in the notices which are improper. With respect to those improper items of inquiry, defendants request that this court rule that defendants need not produce a witness to address those subjects. Below is a discussion of the particular items to which defendants object.

**Objection 1: Item A to CFIC.**

The Request:

For the years 2002 to the present, the corporate structure of Challenge Financial Investors Corp. ("CFIC") and its owner(s) and parent, subsidiary, and other affiliated companies, including but not limited to:
1. CFIC's Articles of Incorporation and Bylaws;
2. the identity and responsibilities of owners, officers and directors, and managers of CFIC;
3. the identity of all of CFIC's direct or indirect parent and/or subsidiary organizations and all organizations under direct or indirect common control or ownership with CFIC;
4. the location and general operating function of any branch offices of CFIC;
5. the number of employees employed by CFIC, as a whole, and at each branch office;
6. the job titles of those employees; and
7. the products or services provided by CFIC, including the variety of loan products and any other services offered by CFIC.

and

**Item A to Piggybanker.**

<u>The Request:</u>

The past and present the corporate structure of Piggybanker Stock Company ("Piggybanker") and its owner(s) and parent, subsidiary, and other affiliated companies, including but not limited to:
1) Piggybanker's Articles of Incorporation and Bylaws;
2) the identity, address and telephone number, position, and responsibilities of all past and present owners, officers and directors, and managers of Piggybanker;
3) the identity of all of Piggybanker's direct or indirect parent, subsidiary, and/or associated or affiliated organizations and all organizations under direct or indirect common control or ownership with Piggybanker and the relationship(s) between or among these organizations;
5) the number of employees employed by Piggybanker;
6) the job titles of those employees;
7) the products and/or services provided by Piggybanker; and
8) the business model(s) or process(es) by which Piggybanker provides those products and/or services.

<u>Defendants' Objection:</u>

Defendants object to these requests because they are not reasonably calculated to lead to the discovery of relevant evidence. This request, together with all of these other improper requests, is unduly burdensome on defendants.

**Objection 2: Item B (both CFIC and Piggybanker).**

<u>The Request:</u>

The functions and operations carried out at CFIC's (CFIC/Piggybanker's) corporate office, including but not limited to a description of the accounting, human resources, legal, operations, and any other functions carried out by CFIC (CFIC/Piggybanker) from said office.

<u>Defendants' Objection:</u>

Defendants object to this item to the extent it requests accounting, legal, operations, and any other functions by CFIC's corporate office and/or Piggybanker because the request is not reasonably calculated to lead to the discovery of information relevant to any issue in this case, would be unduly burdensome, and pertains to matters of confidential business practices. Defendants do not object to the request for information about human resource functions to the extent that such functions relate to payroll and the 401(K) plan.

**Objection 3: Item H (both CFIC and Piggybanker).**

<u>The Request:</u>

Any and all complaints by any current or former CFIC (CFIC/Piggybanker) employee regarding CFIC's (CFIC/Piggybanker's) compensation of any employee(s), or failure to pay minimum wages and/or overtime to employees, any and all communications regarding said complaints, and CFIC's (CFIC/Piggybanker's) investigation, response, and remedial action, if any, in response to each such complaint.

<u>Defendants' Objection:</u>

Defendants object to this item in that it is vague and ambiguous in its use of the phrase "complaints . . . regarding . . . compensation." That phrase could include verbal inquiries about pay raises and other informal inquiries having nothing to do with wage and hour issues in this case. A broad interpretation of that phrase pertains to matters not reasonably calculated to lead to relevant evidence and would be so broad as to be unduly burdensome.

**Objection 4: Item N.**

<u>The Request:</u>

The amount of participant elective contributions (whether pre-tax or post-tax) made to the Plan each plan year from the plan year ending on or before December 31, 2001 to the present, as well as the actual deferral percentage (ADP) and actual contribution percentage (ACP) of all highly compensated employees under the Plan for each such plan year and the ADP and ACP of all non-highly compensated employees under the Plan for each such plan year.

<u>Defendants' Objection:</u>

Defendants object to this request on the basis that it is not reasonably calculated to lead to the discovery of relevant evidence.

**Objection 5: Item T.**

<u>The Request:</u>

The title/position(s), role, responsibilities, job requirements of Michael Wise and any affiliation or relationship he has with CFIC (CFIC/Piggybanker) or any of its affiliated organizations.

<u>Defendants' Objection:</u>

Defendants object to this request on the basis that it is essentially the same issue plaintiffs inquired about in interrogatory 5 from Plaintiffs' Second Set of Interrogatories to CFIC. Defendants objected and plaintiffs did not challenge the objection. The objection, which defendants restate and adopt in response to this item, is as follows:

The CFIC defendants object to this interrogatory on the basis that it is not reasonably calculated to lead to the discovery of relevant and admissible evidence. The CFIC defendants object to this interrogatory in that it is vague and ambiguous in that it does not define "affiliated organizations", which could have several meanings. The CFIC defendants also object because this interrogatory is not limited in time. Without waiving these objections, the CFIC defendants answer that Michael Wise is not a CFIC employee, officer or director.

    Submitted by:
    WITHERS, GOUGH, PIKE, PFAFF & PETERSON, LLC
    O.W. Garvey Building
    200 W. Douglas, Suite 1010
    Wichita, KS 67202
    316.267.1562 (Telephone)
    316.303.1018 (Facsimile)
    dpeterson@withersgough.com

    s/ Donald N. Peterson, II
    Donald N. Peterson, II
    Attorney Bar No. 13805

    and

    SCOTT A. FISHER, ESQ.
    Florida Bar No.: 0149111
    RUSSELL BUHITE, ESQ.
    Florida Bar No.: 0831085
    FOWLER WHITE BOGGS BANKER P.A.
    501 First Avenue North, Suite 900
    St. Petersburg, Florida 33701
    Telephone: (727) 825-3687
    Facsimile: (813) 229-8313
    Attorneys for Defendant

    ***Attorneys for the CFIC Defendants***
    ***and Piggybanker Stock Company***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 5th day of March 2007, I electronically filed the foregoing ***Motion by Defendants CFIC and Piggybanker Stock Company for Protective Order Regarding Plaintiffs' 30(b)(6) Deposition Notices*** with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

    Boyd A. Byers
    Foulston Siefkin LLP
    1551 N. Waterfront Pkwy., Ste. 100
    Wichita, KS  67206-4466
    ***Attorneys for Plaintiffs***

    Scott Hecht
    Christopher Leopold
    Stinson Morrison Hecker LLP
    1201 Walnut, Suite 2900
    Kansas City, MO 64106-2150
    ***Attorneys for the Nations Defendants***

    s/ Donald N. Peterson, II
    Donald N. Peterson, II
    Attorney Bar No.  13805
    ***Attorney for the CFIC Defendants***
    WITHERS, GOUGH, PIKE & PETERSON, LLC
    200 W. Douglas, Suite 1010
    Wichita, KS  67202
    316.267.1562 (telephone)
    316.303.1018 (facsimile)
    dpeterson@withersgough.com