# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JEFFREY A. GEER, *et al.*,            )
                                       )
            Plaintiffs,           )
                                       )
v.                                     )   Case No. 05-1109-JTM
                                       )
CHALLENGE FINANCIAL INVESTORS          )
CORP. d/b/a CFIC HOME MORTGAGE         )
and CHALLENGE MORTGAGE, *et al.*,      )
                                       )
            Defendants.           )
_____)

## MEMORANDUM AND ORDER

Before the Court are Plaintiffs' Motion for Leave to File Fifth Amended Complaint (Doc. 138) and the Motion of the CFIC Defendants[1] (CFIC) to Strike Jury Demand as to ERISA Claims (Doc. 153). After a review of the submissions of the parties, the Court is prepared to rule on these two motions.

## BACKGROUND

A relevant summary of the case is contained in the Court's February 28, 2006, Order granting Plaintiffs' Motion to File Second Amended Complaint.

---

[1] The CFIC Defendants are comprised of Challenge Financial Investors Corp., Harold Barian, Hiram Blomquist, Michael Riley, Joe Ramis, Ken Rach, Trent Williamson, Chris Faoro, Michael Gonzales, Tod Howard, and Piggybanker Stock Company.

(Doc. 50.) That summary is incorporated herein by reference. In granting Plaintiffs' second Motion to Amend (Doc. 41), Plaintiffs were allowed to add a claim under 29 U.S.C. § 1132(c)(1)(B) against Defendants in their capacity as Administrators of the relevant 401(k) plan. Plaintiffs also filed third and fourth Motions to Amend (Docs. 91, 105), both of which were unopposed by Defendants and granted by the Court on August 22, 2006. (Doc. 113.)

As a result of the Order granting those two motions to amend, Plaintiffs were allowed to clarify the identity of the Defendants, add a claim for breach of fiduciary duty under ERISA, add the CEO of Defendant Nations Holding Company and Trustee of Defendant Nations Holding Company 401(k) Plan as a party Defendant, add additional opt-in Plaintiffs to the caption to be representative parties for the Rule 23 class action under ERISA, and add new state law wage and hour claims for certain collective action members. Plaintiffs filed their Fourth Amended Complaint on August 23, 2006. (Doc. 115.)

In conjunction with granting Plaintiffs' third and fourth Motions to Amend, the Court and granted the parties' Joint Motion to Amend Scheduling Order. (Doc. 111, joint motion; Doc. 113, August 22, 2006, Order.) The Court held that the parties "provided the Court with good cause for the requested extension of the discovery cutoff and trial date in this case." (Doc. 113, at 7.) After conferring

with the trial judge, the Court entered a revised Scheduling Order governing the remaining deadlines in the case, including a revised trial date. (Doc. 114.) The revised Scheduling Order extended the deadline for filing any motion for leave to join additional parties or to otherwise amend the pleadings from June 26, 2006, until August 7, 2006. (*Id*., at § III.a.)

The revised Scheduling Order also stayed discovery until November 1, 2006. (*Id*., at §I.a.) The stay prohibited only propounding new discovery and the taking of depositions. (*Id*.) Other aspects of the case were not stayed during this time. This discovery stay was extended by a Second Revised Scheduling Order (Doc. 120) and ultimately expired on January 5, 2007. The Second Revised Scheduling Order also specifically noted that "[t]he deadline for filing any motion for leave to join additional parties or to otherwise amend the pleadings ran on **August 7, 2006**." (*Id*., at § III.a. (emphasis in original).)

As a result of the stays and revised Scheduling Orders, the various Defendants filed their answers on January 10, 2007. (Docs. 133, 134, 135.) On January 18, 2007, Plaintiffs filed their Motion for Leave to File Fifth Amended Complaint. (Doc. 138.)

### I.    Plaintiffs' Motion for Leave to File Fifth Amended Complaint (Doc. 138)

In their Motion for Leave to File Fifth Amended Complaint (Doc. 138), Plaintiffs request the opportunity to add new Defendants (Vickie Hamilton, Cora Blew, and unidentified fiduciaries of Nations Holding Company 401(k) Plan) based on information learned through discovery and to clarify their existing breach of fiduciary duty claim pursuant to ERISA, 29 U.S.C. § 1001 *et seq.*  Fed. R. Civ. P. 15(a) provides that leave to amend shall be freely given when justice so requires. In the absence of any apparent or declared reason, such as undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment, leave to amend should, as the rules require, be freely given.  ***Foman v. Davis***, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); ***Frank v. U.S. West, Inc.***, 3 F.3d 1357, 1365 (10th Cir. 1993).

In this case, the Court initially set a June 26, 2006, deadline to join parties or otherwise amend the pleadings.  (Doc. 73, § III.a.)  Pursuant to Plaintiff's request (Doc. 90), this deadline was extended – and subsequently reiterated at least twice – for August 7, 2006.  (Docs. 90, 113, 114, 120.)  That date has not been further extended by the Court, and Plaintiffs have not requested that the Court do so. Thus, the deadline for filing motions to amend – August 7, 2006 – expired

approximately five and a half months before Plaintiffs' present motion to amend was filed on January 18, 2007. Accordingly, the Court will treat Plaintiffs' motion as a motion to amend the Scheduling Order to allow a late filing of an amended complaint. See **Denmon v. Runyon**, 151 F.R.D. 404, 407 (D. Kan. 1993) (stating that a motion to amend filed after the deadline established in the scheduling order must meet the standard of "good cause" under Fed. R. Civ. P. 16(b)).

Amendments to the Scheduling Order are not freely given. Fed. R. Civ. P. 16(b) provides that the Scheduling Order "shall not be modified except upon a showing of good cause and by leave of the . . . magistrate judge." To establish "good cause" the moving party must show that the scheduling order's deadline could not have been met with diligence. **Denmon**, 151 F.R.D. at 407. Lack of prejudice to the nonmovant does not establish good cause. **Deghand v. Wal-Mart Stores, Inc.**, 904 F.Supp. 1218, 1220 (D. Kan. 1995).

The present motion must fail, in the Court's opinion, because Plaintiffs have failed to carry their burden of establishing good cause for revision of the Second Revised Scheduling Order at this late date to allow additional amendment to their Fourth Amended Complaint. Even applying the more lenient standards set forth in Rule 15, the Court would deny the motion to amend because of undue delay.[2]

---

[2] Because the Court has determined Plaintiffs' proposed amendment was unduly delayed, any discussion by the Court regarding futility of the amendment would be

**A.     Undue Delay.**

Plaintiffs contend in their motion that "[d]iscovery was stayed, and all other deadlines frozen, until January 2, 2007 . . ." (Doc. 139 at 4.) However, there is no language in the Scheduling Orders, or elsewhere, indicating that all deadlines in the case were "frozen" during the stays placed on discovery. (Docs. 114, 120.) To the contrary, both orders provide an outline of the remaining deadlines for the case and state only that discovery is stayed. (*Id.* at § I.a.) Clearly, this does not evidence an intention of the Court to "freeze" other deadlines in the case. Further, the parties filed other motions during the discovery stays, including two filed by Plaintiffs. (Docs. 118, 121, 123). Therefore, the Court cannot agree that Plaintiffs would have had a reasonable belief that they were prohibited from filing a motion to amend during the discovery stay.

Even assuming all other deadlines were "frozen" during the discovery stay (or that Plaintiffs had a reasonable belief that this occurred), the fact remains that the Court was very specific in both revised orders that deadline to amend the Complaint had previously expired in August 2006. (*Id.*, § III.a.) Further, there was no request by either of the parties to extend or revise that deadline.

**B.     Plaintiffs' "Clarification" of ERISA Claims.**

---

superfluous.

According to Plaintiffs, one of the reasons they are attempting to amend their Complaint is because they "wish to clarify the sections of ERISA under which they seek relief for their breach of fiduciary duty claims(s) [sic], both for themselves and on behalf of the Plan." (Doc. 139 at 5.) Plaintiffs state they "want to make sure their claims clear [sic] to ensure defendants are properly on notice of the nature of the claims and multiple bases of recovery." (*Id.*) While this may be true, Plaintiffs have not explained why the clarification is necessary or how it bears on the issue of good cause. Plaintiffs also have provided no explanation as to why they could not have made such a clarification in a more timely manner.

Unless they are attempting to add an entirely new cause of action, Plaintiffs are not required to amend their Complaint to "clarify" each specific section of the ERISA on which they are relying. Fed.R.Civ.P. 8(a)(2) requires only that a pleader make "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." If Plaintiffs wish only to make such a clarification, the pretrial conference and any proposed pretrial order provide sufficient opportunity for Plaintiffs to make such clarifications. *See* Fed.R.Civ.P. 16, D. Kan. Local Rule 16.2. However, to the extent Plaintiffs do intend to add a new cause of action, they have provided no explanation, adequate or otherwise, as to why they failed to do so in a more timely manner.

Plaintiffs specifically contend that they are only seeking to clarify their existing claims, not add a new claim for damages as argued by Defendants.  (Docs. 139, at 5, 187, at 3-4.)  The stated purpose of Plaintiffs' motion is not to add a new claim, but merely to "ensure that defendants fully understand" the nature and extent of Plaintiffs' claim.  (Doc. 187, at 4.)  According to Plaintiffs, even if the Court were to deny their motion, they "have already asserted their breach of fiduciary duty claim, and that claim was intentionally pled broadly enough to encompass both types of recovery set forth with specificity in the proposed Fifth Amended Complaint."  (*Id*.)

The Court is confident that the briefing and discussion in which the parties have engaged has accomplished Plaintiffs' stated goal of clarifying their intentions to Defendants.  There is, therefore, no need for the Court to grant Plaintiff's Motion to Amend to the extent it seeks to "clarify" their ERISA claims.  To the extent Defendants believe Plaintiffs' claims are deficient, they are free to raise those issues on a motion for summary judgment.[3]

### C. Potential New Defendants.

Plaintiffs also attempt to add three new Defendants, two specifically identified (Ms. Blew and Ms. Hamilton), and another a category of unidentified

---

[3] The Court has not been called upon to rule on the merits, sufficiency, nature, or extent of Plaintiffs' ERISA claims and is making no such ruling herein.

Defendants who may "potentially" be liable as fiduciaries of the Plan ("Fiduciaries of Nations Holding Company 401(k) Plan").  (Doc. 139 at 6.)  Plaintiffs contend they are moving to add the proposed individually-named Defendants "based on information learned as a result of defendants' discovery responses" which identified them as the current and former Human Resources Director for Nations Holding Company, both of whom apparently were involved in drafting CFIC's 401(k) decline form.  (*Id*. at 5.)

     Even assuming, *arguendo*, that Blew and Hamilton are "appropriate defendants" because "they acted 'directly or indirectly in the interest of an employer in relation to an employee'" (*id.*), Plaintiffs have failed to establish good cause regarding this requested addition beyond the amendment deadline.  In their initial brief, Plaintiffs provided the Court with no evidence as to when during the discovery process they were made aware of the identity of these individuals and/or their involvement in the creation of the decline form.  In their reply brief, however, Plaintiffs mention that the involvement of these two individuals "had been revealed in discovery shortly before the stay began . . ."  (Doc. 187 at 2.)  More specifically, Plaintiffs point to the "revelation in the Challenge Defendants' Response to Plaintiffs' Second Interrogatories served on July 27, 2006, that Ms. Hamilton and Ms. Blew were involved in the creation of the '401(k) Decline Form' at the crux of

9

the ERISA claims in this case." (*Id*. at 4.)  Even if this was Plaintiffs' first knowledge of the role of Hamilton and Blew, they still had time to file another amended complaint before the August 7, 2006, deadline set in the Scheduling Orders.

As stated previously, the stay at issue involved only the serving of new discovery requests and taking of depositions.  Plaintiffs were free to file any motions they saw fit before, or during, the pendency of the discovery stay.  If Plaintiffs intended to file this motion after the expiration of the stay, they should have requested the Court to put appropriate language in the revised Scheduling Order.  They made no such request.  Thus, the Court cannot find that Plaintiffs were reasonable in delaying the filing of their fifth motion to amend until after the discovery stay expired, some six months after the above-referenced "revelation" regarding Hamilton and Blew.

The third Defendant Plaintiff is attempting to add is a category of yet to be identified individuals collectively referred to as "Fiduciaries of the Nations Holding Company 401(k) Plan."  Plaintiffs have provided no explanation as to why this category of unidentified fiduciaries could not have been added in a more timely manner.  The nature of Plaintiffs ERISA claims involve alleged breaches by the fiduciaries, thus Plaintiffs have been aware since they raised these claims that

any such individuals were potential Defendants.  Because this category of Defendants remains unidentified, Plaintiffs cannot contend that they received revelatory identifying information during discovery, but past the deadline to amend.

The Court has revised the Scheduling Order twice in this case.  (Docs. 114, 120.)  On both occasions, the revised Scheduling Orders clearly stated that "[t]he deadline for filing any motion for leave to join additional parties or to otherwise amend the pleadings ran on **August 7, 2006**."  (*Id*. at III.a. (emphasis in original).)  No request was made to extend or modify this deadline, even though Plaintiffs had received relevant information regarding two of the proposed Defendants in July 2006.  Plaintiffs have failed to establish that the deadline to amend or add parties "could not have been met with diligence," ***Denmon v. Runyon***, 151 F.R.D. 404, 407 (D.Kan. 1993), or, at a minimum, in a more timely manner.  For this reason, the Court finds Plaintiffs' delay in bringing the proposed amendments to be undue.  Therefore,  Plaintiffs' motion is **DENIED**.


**II.     Defendants' Motion to Strike Jury Demand as to ERISA Claims**.

In the Memorandum in Support of Motion to Strike Jury Demand as to ERISA Claims, the CFIC Defendants argue that Plaintiffs have "no right to a jury

trial in ERISA benefit or pending actions" and that Plaintiffs' causes of action under the Act do not entitle them to a jury trial. (Doc. 154 at 2.) Plaintiffs respond that Defendants' motion is untimely, it fails to meet the standards of Fed.R.Civ.P. 12(f), that Defendants requested a jury trial on all issues, and the issue is premature. (Doc. 158 at 3-4.)

The CFIC Defendants replied that they filed their motion "in an abundance of caution so as to seek the Court's early ruling and clarification as to the trial of the ERISA claims, as opposed to the FLSA claims." (Doc. 164 at 2.) They state that "their intention was to request a trial by jury as to only those matters triable to a jury." (*Id*. at 1-2.) In addition, they "request leave to amend their Answer to Fourth Amended Complaint to clarify that they have demanded a jury trial only as to the FLSA claims." (*Id*. at 2.)

It is apparent to the Court that Plaintiffs' intention was to request a trial by jury regarding their ERISA claims "to the extent allowed by law." (Doc. 115 at 25; Doc. 158 at 2.) It is now equally apparent that Defendants did not intend to request a trial as to all issues, even if the wording of their Answer may have indicated otherwise. The parties seem to be in agreement that the issue of which causes of action are triable to a jury could be addressed at a later stage in these proceedings. (Doc. 158 at 4 (suggesting *in limine* motions); Doc. 164 at 4

(suggesting the issue be addressed during a case management conference or by way of dispositive motions).)  The Court agrees and believes that the issue of what claims are legally proper for a jury trial should be resolved after a more complete briefing by the parties.

Under the circumstances, the Court **DENIES** Defendants' Motion to Strike (Doc. 153).  The Court does, however, **GRANT** Defendants' request to amend their Answer to Fourth Amended Complaint "to clarify that they have demanded a jury trial only as to the FLSA claims." (Doc. 164 at 3.)  However, because the actual amendment is minor in nature, the Court will deem Defendants Answers (Docs. 134, 135) to be amended as stated in this Memorandum and Order.  No further amended answer will be required.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Leave to File Fifth Amended Complaint (Doc. 138) is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion of the CFIC Defendants (CFIC) to Strike Jury Demand as to ERISA Claims (Doc. 153) is **DENIED** while Defendants' request to Amend their Answer to Plaintiffs' Fourth Amended Complaint for the limited purpose of clarifying their jury demand is **GRANTED**.  As stated above, the Court deems Defendants' Answers to be amended and filing

of an Amended Answer is unnecessary.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas on this 18th day of April, 2007.

                                           s/ DONALD W. BOSTWICK
                                           DONALD W. BOSTWICK
                                           United States Magistrate Judge