IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JEFFREY A. GEER, GERALD LABOUFF, DAVID BERRY, JESSICA CASPER, CATHY JAMES, ANGELA MOUNT, IRA L. PARKER, III, and RYAN PATTERSON on behalf of themselves and other past and present employees similarly situated,<br><br>                    Plaintiffs,<br><br>                    vs.<br><br>CHALLENGE FINANCIAL INVESTORS CORP. d/b/a CFIC HOME MORTGAGE and CHALLENGE MORTGAGE; HAROLD BARIAN; HIRAM E. BLOOMQUIST; MICHAEL J. RILEY; JOE RAMIS; KEN RACH; TRENT WILLIAMSON; CHRIS FAORO; MICHAEL GONZALES; TOD HOWARD, NATIONS HOLDING COMPANY; THE NATIONS HOLDING COMPANY 401K PLAN; ADMINISTRATORS OF THE HOLDING COMPANY 401K PLAN; PIGGYBANKER STOCK COMPANY, and CHRIS LIKENS,<br><br>                    Defendants. | Case No. 05-1109-JTM |

MEMORANDUM AND ORDER

Defendant, CFIC Home Mortgage ("CFIC"), filed the present motion to dismiss plaintiff Jessica Casper ("Casper") as a plaintiff from the lawsuit and also to strike paragraph 1, footnote 1 from plaintiffs' Fourth Amended Complaint. For the following reasons, the court denies defendant's motion.

*I. Factual Background*:

Plaintiffs filed the present action on April 21, 2005, a collection action, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq*. Plaintiffs allege that defendants failed to compensate them in accordance with minimum wage and maximum hour requirements under the FLSA. Upon a motion, the court entered a Memorandum and Order on October 17, 2005, which ordered CFIC to disclose the name, address, and telephone number of "each loan officer employed by Challenge Financial Investors Corp. ('CFIC') at any time from April 20, 2002 to the present." Dkt. No. 17. Following the order, on February 1, 2006, defendants provided plaintiffs with an electronic database, consisting of the names, addresses, and telephone numbers of over 4,000 people. Plaintiff, Jessica Casper, was included in the database. Thereafter, on March 3, 2006, the court entered an order that formally approved the agreed-upon notice form to be sent out immediately to the "loan officers identified by Defendant pursuant to the Court's prior orders." Dkt. No. 53. Plaintiffs then sent the court-approved notice to the individuals identified in defendants' database, including plaintiff Jessica Casper.

Plaintiffs' counsel received Jessica Casper's signed consent form on March 28, 2006. Plaintiffs filed the consent with the court on April 4, 2006.

Thereafter, plaintiffs sought leave to amend their Second Amended Complaint, which included a copy of the proposed Third Amended Complaint as an exhibit to the motion. The court granted plaintiffs' motions to amend the Second and Third Complaints on August 22, 2006. The Third Amended Complaint states:

> On March 3, 2006, the Court approved a notice to be sent to all current and former loan officers of defendant CFIC who were employed as loan officers at any time on or after April 20, 2002.

> [Doc. 53] CFIC provided plaintiffs' counsel with a list of current and former loan officers, to whom plaintiffs mailed the notice. The list provided by CFIC apparently also included loan processors and branch managers, as well as employees who officially held the title loan officer. Plaintiffs have received a limited number of Consents to Opt In and Participate as Party Plaintiff from loan processors and branch managers who performed the same or similar job duties as loan officers and were paid in the same way as loan officers, i.e., on a commission only basis. Accordingly, all references in this Complaint to "loan officers" are intended to also refer to and cover those employees who performed some or all of the duties of loan officers and were paid on a commission-only basis, regardless of their formal job title, who have returned a signed Consent to Opt In and Participate as Party Plaintiff. Plaintiffs do *not* seek to resend notice of this FLSA collective action to all current and former loan processors and branch managers.

Dkt. No. 91, ¶ 1, n. 1 (emphasis in original). Plaintiffs also sought leave to file a Fourth Amended Complaint, which added Jessica Casper as a named plaintiff. The court entered an order allowing plaintiffs to file their Fourth Amended Complaint on August 22, 2006. Plaintiffs filed the Fourth Amended Complaint on August 23, 2006.

CFIC employed plaintiff Casper in Litchfield and Lagrange, Ohio from December 12, 2003 to September 21, 2005. Although Ms. Casper's official title was "branch manager," she performed the same job duties as CFIC loan officers. Her job duties included using leads to make contact with potential customers, pulling customers' credit, originating loans and obtaining documentation and paperwork for loans, managing and tracking customers' applications, forwarding the application information to underwriters for an approval decision, and finalizing closing documents. Ms. Casper performed her job duties, like other loan officers, on a commission-only basis. She did not receive a guaranteed salary or minimum wage.

Plaintiffs allege that Ms. Casper worked numerous work-weeks in which she did not earn commissions and was not paid compensation. Additionally, plaintiffs note that she was not paid

3

an overtime premium for the time she worked in excess of forty hours in a given week. Finally, plaintiffs allege that she was denied the opportunity to participate in the National Holding Company 401(k) plan.

## II.  Standard of Review:

Fed. R. Civ. P. 12(b)(6) allows a court to dismiss a complaint for failure to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Therefore, if the plaintiff has pled facts that would support a legally cognizable claim for relief, a motion to dismiss should be denied. Furthermore, a court must accept as true all well-pleaded facts, as distinguished from conclusory allegations, and view those facts in the light most favorable to the nonmoving party. *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998). Any reasonable inferences must be construed in the plaintiff's favor. *Dill v. City of Edmond, Okl.*, 155 F.3d 1193, 1203 (10th Cir. 1998).

## III.  Conclusions of Law:

Plaintiff, in arguing against the motion to dismiss, notes that CFIC's motion should fail because plaintiff's allegations support legal claims that entitle her to relief under both the FLSA and ERISA. The court agrees. Plaintiff Casper's claims stem from her work as a loan officer; that she was paid on a commission-only basis; that she did not receive a minimum wage during numerous weeks; that she worked overtime, but was not paid an overtime premium for performed work; and other facts that may entitle her to FLSA relief. *See* 29 U.S.C. § 206; 29 U.S.C. § 208. Furthermore, under 29 C.F.R. § 541.2A, "[a] job title alone is insufficient to establish the exempt status of an employee. The exempt or nonexempt status of any particular

4

employee must be determined on the basis of whether the employee's salary and duties meet the requirements of the regulations in this part." Although defendant argues that plaintiff Casper is not a proper plaintiff because she was a branch manner, Casper's title alone does not determine whether she meets the executive or managerial exemption to the FLSA. Therefore, defendant's motion to dismiss plaintiff Casper is denied.

Furthermore, defendant's motion to strike paragraph one and footnote one of plaintiffs' Fourth Amended Complaint is denied. Defendant argues that plaintiffs attempt to "expand the class of individuals without going through the proper process of producing any evidence to substantiate the claim that these individuals were similarly situated to loan officers." Dkt. No. 136. However, the court finds that defendant's motion to strike is untimely because defendant failed to oppose plaintiffs' motions for leave to file Third and Fourth Amended Complaints. Plaintiffs moved for leave to amend the complaints, which included a copy of the Third Amended Complaint containing paragraph one and footnote one on June 26, 2006. Defendant CFIC failed to oppose the motion. Additionally, when plaintiffs moved for leave to file a Fourth Amended Complaint, which also included the present language that defendant opposes, defendant did not oppose the motion. Finally, under Fed. R. Civ. P. 12(f), a motion to strike is allowable before responding to a pleading. Defendant answered the Fourth Amended Complaint on January 10, 2007. One day later, on January 11, 2007, defendant filed the present motion. Therefore, the court denies defendant's motion to strike pursuant to Fed. R. Civ. P. 12(f).

IT IS ACCORDINGLY ORDERED this 30th day of May, 2007 that defendant's motion to dismiss and strike (Dkt. No. 136) is denied.

s/ J. Thomas Marten<br>
J. THOMAS MARTEN, JUDGE