# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JEFFREY A. GEER, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 05-1109-JTM |
| | ) | |
| CHALLENGE FINANCIAL INVESTORS | ) | |
| CORP. d/b/a CFIC HOME MORTGAGE | ) | |
| and CHALLENGE MORTGAGE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

After ruling on Plaintiff's motion for a protective order concerning Defendants' deposition notices seeking to depose all Plaintiffs, the Court set a hearing to take up any pending discovery motions.  (Doc. 251 at 12; Minute Entry 5/21/2007.)  The hearing was held on June 13, 2007, and counsel appeared as follows:  Plaintiffs appeared through counsel Jack A.J. Focht, Boyd A. Byers and Sophie K. Counts; the CFIC Defendants appeared through counsel Donald N. Peterson II, Scott A. Fisher and Russell Scott Buhite; Defendant Nations Holding Company appeared through counsel Scott C. Hecht.  The Court identified the following discovery motions that are pending before the Court:

1.  CFIC and Piggybanker Defendants' Motion for a Protective Order Regarding Plaintiffs' Rule 30(b)(6) Deposition Notices (Doc. 185),

Plaintiffs' Response (Doc. 200), and Defendants' Reply (Doc. 232).

2 Defendant Piggybanker's Motion for Protective Order and/or to Quash Subpoena concerning Michael Wise (Doc. 222), and Plaintiffs' response (Doc. 264). Defendant did not file a reply and the time to do so has expired.

3. CFIC Defendants' Motion to Compel Plaintiffs' Responses to Discovery concerning written discovery served on Plaintiffs' (Doc. 265), Plaintiffs' response (Doc. 282), and Defendants' reply. (Doc. 295.)

4. CFIC Defendants' Motion for Leave to Take Depositions of Plaintiffs (Doc. 276), and Plaintiffs' response. (Doc. 291.) Pursuant to the Court's prior Order (Doc. 251 at 12), no replies were allowed.

5. Plaintiffs' Sixth Unopposed Motion for Extension of Time to File Motion to Compel concerning their Fourth Request for Production of Documents (Doc. 294.)

After considering the briefs and arguments related to the above motions, the Court entered the following Orders at the hearing:

A. All future and unexpired deadlines and all future hearings set in the Final Scheduling Order entered on March 28, 2007 (Doc. 210), are hereby CANCELED. This includes the trial date, pretrial date, discovery cutoff and briefing deadlines for motions to certify/decertify classes under either Fed. R. Civ. P. 23 or 29 U.S.C. § 216(b).

B. Discovery will proceed in phases directed, in major part, to issues which will be involved in motions to certify/decertify classes under either Fed. R.

Civ. P. 23 or 29 U.S.C. § 216(b) as follows:

    i)      Plaintiffs' will be allowed to revise their Rule 30(b)(6) Notice of deposition to the corporate Defendants in accordance with the rulings made by the Court during the hearing concerning the specific topics to be addressed during those depositions. Plaintiffs shall file their revised deposition notice not later than **June 27, 2007.** The parties are then directed to meet and confer about any disputes concerning the language describing the scope of the topics identified and whether the language complies with the oral rulings made by the Court during the hearing. Any disputes concerning the description of the topics will be addressed at the next telephone status conference to be held on **July 17, 2007 at 10:00 a.m.** (Central Time). Plaintiffs will then be allowed to conduct these Rule 30(b)(6) depositions at the corporate defendants' headquarters. These depositions are to be competed on or before **August 31, 2007.**

    ii)     Defendants will next be allowed to take the oral depositions of the eight named Plaintiffs in this case: Jeffrey A. Geer, Gerald Labouff, David Berry, Jessica Casper, Cathy James, Angela

Mount, Ira L. Parker, III, and Ryan Patterson.  These depositions are to be taken in Wichita, Kansas, and it is anticipated that the scope of the depositions will include both the wage claims and the ERISA claims.[1]  In addition, prior to the scheduling of these plaintiff depositions, any of the issues set out in CFIC Defendants' Motion to Compel Plaintiffs' Responses to Discovery concerning these named Plaintiffs are to be satisfied.

iii)   After the phases described in subparagraphs (i) and (ii) above have been completed, the Court will then consider further arguments concerning CFIC Defendants' Motion for Leave to Take Depositions of Plaintiffs (Doc. 277), including the issues of how many additional depositions of plaintiffs will be allowed, where they will be taken, how they will be taken, *e.g.*, by oral deposition, deposition on written questions, videotaped depositions, etc., how long the depositions will last, and the scope of the examinations that will be allowed.  In connection

---

[1]  At the hearing, Plaintiffs' counsel advised the Court that Plaintiff Ryan Patterson had withdrawn from any Section 216(b) class, but continued as a Plaintiff concerning the Rule 23 class and the alleged ERISA violations.  As to that Plaintiff, questions would only be allowed concerning the ERISA claims.

with any of these additional depositions of plaintiffs, any

remaining issues set out in CFIC Defendants' Motion to

Compel Plaintiffs' Responses to Discovery concerning these

additional plaintiffs will be addressed.  Also at this time, the

Court will address requests by any party to take other

depositions prior to filing the motions to certify/decertify the

classes.

iv)    At a future time, and prior to the completion of the discovery

phases described in subparagraphs (i), (ii) and (iii) above, the

Court will set deadlines for the filing and briefing of motions to

certify the Rule 23 class concerning the ERISA claims, and to

decertify the Section 216(b) class concerning the wage claims.

After those motions have been filed, the Court will consider, if

necessary, whether the use of supporting materials such as

affidavits could necessitate any further discovery, generally

following the procedure outlined in Fed. R. Civ. P. 56(f).

v)    After the ruling on the motions to certify/decertify the

respective classes, the Court will address any additional

discovery that may be requested prior to trial or dispositive

5

motions.[2]

C.      Throughout the above phases of discovery, the Court will set periodic status conferences with counsel to address issues that have arisen or may arise in discovery and to further refine the parameters of each phase of discovery.  These conferences may be either by telephone or in person.  The first such status conference is set by telephone on **July 17, 2007 at 10:00 a.m.** (Central Time).  The Court will place the call.

D.      The parties should also be prepared to address in future status conferences the question of mediation, including when any mediation conference should be held and who should conduct the conference.

E.      Counsel for Plaintiffs have stated that they intend to file a motion to compel directed to written discovery requests served on Defendants and that they will file this motion within the immediate future.  All parties are free to bring forward additional motions concerning disputes about written discovery, but *only* after they have complied in *good faith* with the meet and confer provisions of  D. Kan. Rule 37.2, and *provided* that such motions are timely under the provisions of D. Kan. Rule 37.1(b) and the related provisions of the Final Scheduling Order.

---

[2] If there are early motions for summary judgment, the Court may consider whether additional discovery is required in connection with responses to those motions in accord with Fed. R. Civ. P. 56(f).

(Doc. 210 at ¶ III(g).)

After outlining the above discovery plan, the Court addressed the specific discovery motions before the Court.  After hearing arguments of counsel, the Court issued the following orders concerning those motions for the reasons stated by the Court during the hearing.

IT IS ORDERED that Defendant Piggybanker's  Motion for Protective Order and/or to Quash Subpoena to Michael Wise (Doc. 222), is **MOOT**.

IT IS FURTHER ORDERED that Plaintiffs' Sixth Unopposed Motion for Extension of Time to File Motion to Compel concerning their Fourth Request for Production of Documents (Doc. 294) is GRANTED insofar as any such motion is to be filed on or before **June 27, 2007.**

IT IS FURTHER ORDERED that CFIC and Piggybanker Defendants' Motion for a Protective Order Regarding Plaintiffs' Rule 30(b)(6) Deposition Notices (Doc. 185) is GRANTED IN PART and DENIED IN PART as outlined by the Court at the hearing concerning the disputed topics to be covered by the depositions.

IT IS FURTHER ORDERED that CFIC Defendants' Motion to Compel Plaintiffs' Responses to Discovery concerning written discovery served on Plaintiffs' (Doc. 265) and CFIC Defendants' Motion for Leave to Take

Depositions of Plaintiffs (Doc. 276) are hereby TAKEN UNDER ADVISEMENT

and will be addressed in future status conferences and Orders of the Court.[3]

**IT IS SO ORDERED.**

Dated at Wichita, Kansas on this 14th day of June, 2007.

    s/ Donald W. Bostwick
DONALD W. BOSTWICK
United States Magistrate Judge

---

[3] In this Order the Court has dealt with some of the issues raised by these two motions as they relate to the written discovery and depositions of the named plaintiffs. The issues as to other plaintiffs will be addressed in the future.