IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JEFFREY A. GEER, GERALD LABOUFF, DAVID BERRY, JESSICA CASPER, CATHY JAMES, ANGELA MOUNT, IRA L. PARKER, III, and RYAN PATTERSON on behalf of themselves and other past and present employees similarly situated,<br><br>                    Plaintiffs,<br><br>          vs.<br><br>CHALLENGE FINANCIAL INVESTORS CORP. d/b/a CFIC HOME MORTGAGE and CHALLENGE MORTGAGE; HAROLD BARIAN; HIRAM E. BLOOMQUIST; MICHAEL J. RILEY; JOE RAMIS; KEN RACH; TRENT WILLIAMSON; CHRIS FAORO; MICHAEL GONZALES; TOD HOWARD, NATIONS HOLDING COMPANY; THE NATIONS HOLDING COMPANY 401K PLAN; ADMINISTRATORS OF THE HOLDING COMPANY 401K PLAN; PIGGYBANKER STOCK COMPANY, and CHRIS LIKENS,<br><br>                    Defendants. | Case No. 05-1109-JTM |

MEMORANDUM AND ORDER

The present motions for consideration are defendants CFIC and Piggybanker Stock Company's

motion to strike certain opt-in consent forms filed by plaintiff's counsel (Dkt. No. 174) and defendant

CFIC's objections to Magistrate Judge Bostwick's Order (Dkt. No. 270).  For the following reasons, the court denies defendants' motions.

On October 17, 2005, this court certified a collective class under the Fair Labor Standards Act which defined the conditionally certified class as all current or former loan officers.  Thereafter, plaintiffs' counsel sent opt-in consent forms to all of CFIC's employees, including corporate employees, branch managers, processors and other clerical staff.  The plaintiffs' counsel then filed the opt-in consent forms for branch managers, processors, telemarketers and clerical staff.  As a result of the filing, defendants now argue that the court did not certify a class of branch managers, processors, and clerical employees; therefore, the court should strike these opt-in consent forms.

Under Fed. R. Civ. P. 12(f), a court may strike any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" in a pleading.  Generally, a court will deny a motion to strike unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.  *Nwakpuda v. Falley's, Inc.*, 14 F. Supp. 2d 1213, 1215 (D. Kan. 1998).   Plaintiff argues that the notices were properly sent because plaintiff's counsel sent the notice to the only list of employees provided by defendant and that the individuals who received this notice performed the duties of a loan officer, although the individuals did not hold the title of "loan officer."  The court agrees.  Under 29 C.F.R. § 541.2A, "[a] job title alone is insufficient to establish the exempt status of an employee.  The exempt or nonexempt status of any particular employee must be determined on the basis of whether the employee's salary and duties meet the requirements of the regulations in this part."  Although defendants argue that the opt-in consent forms were improperly included from branch managers, processors, and clerical employees, the agreed upon notice approved by the court (Dkt. No. 53) was addressed to "All

current and former employees of Challenge Financial Investors Corporation . . . who worked as a loan officer at any time on or after April 20, 2002." The opt-in plaintiffs were all employees of CFIC who worked as loan officers. Although defendants cite that these plaintiffs may have different titles, the court finds that they performed the work of loan officers, including using leads to make contact with potential customers, pulling customers' credit, originating loans and obtaining documentation and paperwork for loans, managing and tracking customers' applications, forwarding the application information to underwriters for approval decision, and finalizing closing documents. Plaintiff's Declarations, Exhibits 1-9, at ¶ 3. Therefore, defendants' motion to strike the opt-in consent forms is denied.

On May 4, 2007, Magistrate Judge Bostwick entered a memorandum and order (Dkt. No. 251) that granted plaintiffs' motion for a protective order. Defendant CFIC requests the court to deny the motion for a protective order.

Judge Bostwick's order relates to a non-dispositive pretrial matter. Therefore, the court cannot modify or set aside the order unless defendant demonstrates that the order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Defendant fails to meet this burden.

The May 4, 2007 order states that "the Court is not holding that all individualized discovery of the opt-in plaintiffs is prohibited." Dkt. No. 251, at pg. 10. Instead, the order requires that (1) "any depositions of opt-in plaintiffs or Rule 23 'absent class members' may be taken only by agreement of the parties or with leave of the Court," and (2) prior to filing for leave to depose a specified number of plaintiffs, the parties should "confer in a good faith and engage in a concerted effort to reach an agreed procedure for discovery," giving "due consideration to the procedures outlined in the MANUAL FOR COMPLEX LITIGATION, FOURTH § 11.45, *et. seq*. including a plan of sequenced or phase discovery, and cost-saving

measures." Dkt. No. 251, at pp. 10-11. "If the parties are unable to reach an agreement concerning these discovery issues" in a "just, speedy and inexpensive" way, the court would then deal with the "number, timing and procedure for depositions of opt-in plaintiffs and/or Rule 23 'absent class members' by ruling on specific motions by Defendants to take certain specified depositions of opt-in plaintiffs and/or Rule 23 'absent class members.'" *Id*. at pg. 11.

Pursuant to Rule 26, the court has discretion to limit the number and length of depositions. Fed. R. Civ. P. 26(b)(2)(A). The Rule also allows the court to limit discovery if it determines the burden or expense of the proposed discovery outweighs its likely benefit or if it can be obtained in another way that is more convenient, less burdensome, or less expensive. Fed. R. Civ. P. 26(b)(2)(C).

The court finds that Judge Bostwick's order is not clearly erroneous or contrary to law because it only reserves final determination with respect to the number, means, and location of depositions until the parties provide the court with additional information regarding the need for, burden, and costs of the proposed depositions. Furthermore, the order is clearly within the Federal Rules of Civil Procedure, specifically Fed. R. Civ. P. 26. For this reason, the court denies defendant's objection to the May 4, 2007 protective order.

IT IS ACCORDINGLY ORDERED this 9th day of July, 2007, that defendants' motion to strike improperly filed opt-in consent forms (Dkt. No. 174), and defendant's objection to the order granting protective order (Dkt. No. 270) are denied.

                                            s/ J. Thomas Marten
                                            J. THOMAS MARTEN, JUDGE