## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JEFFREY A. GEER, *et al.*,              )
                                        )
                   Plaintiffs,          )
                                        )
v.                                      )          Case No. 05-1109-JTM
                                        )
CHALLENGE FINANCIAL INVESTORS  )
CORP. d/b/a CFIC HOME MORTGAGE  )
and CHALLENGE MORTGAGE, *et al*.,       )
                                        )
                   Defendants.          )
_____ )

## MEMORANDUM AND ORDER

Before the Court is Plaintiffs' Motion to Compel responses to various

discovery requests posed to Piggybanker and CFIC Defendants.  (Doc. 304.)

Piggybanker and CFIC responded in opposition (Doc. 313) and Plaintiffs filed

their reply (Doc. 318).   After a review of the submissions of the parties, the Court

is prepared to rule on Plaintiffs' motion.

## BACKGROUND

Summaries of the case are contained in the Court's Orders of April 18, 2007

(Doc. 234) and May 4, 2007 (Doc. 251) and are incorporated herein by reference.

A summary of the procedural history relating to this motion is contained in

Plaintiffs' supporting memorandum (Doc. 305, at 4-6) and is incorporated by reference.

On June 13, 2007, the parties engaged in a hearing on several discovery motions, including Defendants' motion for a protective order on Plaintiffs' 30(b)(6) depositions (Doc. 185). At the hearing, the Court vacated the then-current Scheduling Order. In deciding to take a "more active" role in the case, the Court implemented a phased discovery plan to work toward the initial goal of getting the case before the District Court on the parties' anticipated motions to certify[1] and decertify. (Doc. 318, Exh. A, pg. 5:1-11.) The Court then proceeded to resolve the issues surrounding the 30(b)(6) depositions noticed by Plaintiffs, including the topic of Michael Wise. Anticipating disputes prior to the 30(b)(6) depositions, the Court ruled that Plaintiffs would be entitled to written discovery relating to the issues to be covered at the 30(b)(6) depositions and encouraged Plaintiffs to file the necessary motion to compel as soon as possible. (Doc. 318, Exh. A, pg. 67:16-68:20.)

---

[1] After the June 13th conference, the parties advised the Court that they had reached a settlement on the ERISA claims which were the basis for a class action claim under Fed.R.Civ.P. 23. Those claims have been severed and transferred to a new case number. (*See* Doc. 324.) Therefore, there will not be any motions to certify a Rule 23 class in this case.

Pursuant to the Court's rulings at the June 13, 2007, hearing, Plaintiffs modified their Rule 30(b)(6) deposition notices.  (Doc. 306.)  It was the Court's understanding at the hearing that the parties have agreed on all of the topics to be covered at these depositions.[2]  (*See Id*., Exh. A.)  Plaintiffs also filed the present Motion to Compel and supporting memorandum.  (Docs. 304, 305.)

In the Motion to Compel, Plaintiffs argue that Defendants submitted insufficient responses to the following discovery requests:

Discovery requests to CFIC:

- Fifth Request for Production, Nos. 1-9, 11, 13-19, and 24;
- Sixth Request for Production, Nos. 1-4; and
- Sixth Interrogatories, Nos. 2 and 3.

Discovery requests to Piggybanker:

- First Request for Production, Nos. 2-8, and 10; and
- Second Interrogatories, Nos. 2 and 3.

(Doc. 305, at 2-3.)  Plaintiffs contend that the requested discovery is relevant, reasonably calculated to lead to the discovery of admissible evidence, and related to the issues to be covered during the upcoming 30(b)(6) depositions they have noticed.  Plaintiffs also contend that Defendants failed to substantiate their objections to the discovery requests.  (*Id*.)  Defendants counter that the requested

---

[2]  The Court notes that Plaintiffs have since filed amended 30(b)(6) deposition notices.  (Docs. 321, 322, 323.)

discovery does not relate to the issues of certification/decertification and therefore is premature considering the "phased" discovery process implemented by the Court at the June 13, 2007, hearing.  (Doc. 313.)  Defendants have also stated the more typical objections that the discovery is overly broad, not reasonably calculated to lead to the discovery of admissible evidence, unduly burdensome, and/or irrelevant.

## DISCUSSION

Rule 26(b)(1) of the Federal Rules of Civil Procedure permits discovery into any matter, not privileged, that is relevant to the claim or defense of any party. "Relevancy is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." *Audiotext Comm. Network, Inc., v. US Telecom, Inc.,* No. 94-2395, 1995 WL 625962, at *3 (D. Kan. Oct. 5, 1995) (citing *Smith v. MCI Telecomm. Corp.*, 137 F.R.D. 25, 27 (D. Kan.1991)).

"When the discovery sought appears relevant on its face, the party resisting the discovery bears the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that

4

the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Dean v. Anderson*, No. 01-2599, 2002 WL 1377729, at \*2  (D. Kan. June 6, 2002).  "The party opposing discovery cannot simply make conclusory allegations that the request is irrelevant, but must specifically show how each discovery request is irrelevant." *Audiotext*, 1995 WL 625962, at \*3 (citations omitted).  "When 'relevancy is not apparent, [however], it is the burden of the party seeking discovery to show the relevancy of the discovery request.'" *Dean*, 2002 WL 1377729, at \*2 (citing *Steil v. Humana Kansas City, Inc.*, 197 F.R.D. 442, 445 (D. Kan. 2000)).  A request for discovery should ordinarily be allowed unless it is clear that the information sought can have no possible bearing on the subject matter of the action.  *Haggard v. Standard Register Co.*, No. 01-2513, 2003 WL 365955 (D. Kan. Jan. 21, 2003).

Defendants have also objected that certain discovery is unreasonably burdensome.  "Once a party has requested discovery, the burden is on the party objecting to show that responding to the discovery is unduly burdensome." *Snowden v. Connaught Lab., Inc.*, 137 F.R.D. 325, 332 (D.Kan.1991).  "In making a decision regarding burdensomeness, a court should balance the burden on the interrogated party against the benefit to the discovering party of having the information." *Hoffman v. United Telecomms., Inc.*, 117 F.R.D. 436, 438

(D.Kan.1987).  The responding party has the burden to establish that the requested discovery is improper.  *Id*.  Typically, the party asserting undue burden or expense is required to come forth with evidentiary proof, such as an affidavit, detailing the expense involved in responding to the discovery request.  ***Sonnino v. Univ. Kan. Hosp. Auth***., 220 F.R.D. 633, 653 (D.Kan.2004).  *See also* ***Klesch & Co. Ltd. v. Liberty Media Corp***., 217 F.R.D. 517, 524 (D.Colo.2003) (holding that the objecting party cannot establish burdensomeness by making "conclusory statements"); ***McCoy v. Whirlpool Corp.***, 214 F.R.D. 642, 646 (D.Kan.2003) (overruling an undue burden objection in part because of lack of affidavit or other evidentiary support).  "[D]iscovery should be allowed unless the hardship is unreasonable in the light of the benefits to be secured from the discovery." ***Snowden***, 137 F.R.D. at 333.

With these parameters in mind, the Court's analysis turns to the discovery requests at issue.  For discussion purposes, the parties have grouped the requests into topical categories.  The Court will address each category in turn and, where necessary, will discuss specific requests.

## A.      Personnel Files and Other Employment Related Documents.[3]

---

[3]  Plaintiffs' Fifth Requests for Production to CFIC, Nos. 13-19; Request No. 2, relating to employment records of Michael Wise, will be discussed in Section B, below.

The first category of discovery requests encompasses personnel files and employment records regarding certain of the named Defendants.  Defendants argue that these requests are "premature because they do not address the ultimate issues of certification and decertification."  (Doc. 313, at 5.)

The Court, however, finds that the personnel files of these individuals may contain information relevant to several of the issues enumerated in the deposition notice (Doc. 306, Ex. A) including, but not limited to, topics A, B, C, D, E, F, and H.  Plaintiffs have properly noticed these depositions and limited their scope.  They have the right to seek written discovery that will allow them to adequately prepare for these depositions.  As such, the Court cannot agree that these requests are "premature."

Further, Defendants argue that Plaintiffs' "have not cited any authority for the proposition that the personnel files of alleged individual FLSA employers are discoverable."  (*Id*.)  Defendants criticize Plaintiffs' reliance on cases regarding employment discrimination, arguing that such cases differ from the present case because Plaintiffs do not have a "discrete 'bad actor' they can identify."  (*Id*. at 6.)

In the Court's opinion, Defendants' interpretation of the cases cited by Plaintiffs is too narrow.  Courts in this District have found personnel files to be discoverable when the individuals at issue "have played important roles in the

employment decisions affecting plaintiff" and/or when the individuals "will be key witnesses" in the litigation. ***Daneshvar v. Graphic Technology, Inc***., No. 97-2304-JWL, 1998 WL 726091, *5 (D.Kan. October 9, 1998). In such situations, "[t]heir personnel files may contain information which could be used to impeach their credibility." *Id*. The same rationale applies concerning the FLSA claims in this case.

The Court finds the reasoning in ***Daneshvar*** is applicable to the present matter. The named Defendants may very well have been involved in creating policy or making decisions regarding payment, overtime, or job duties of branch managers, loan officers, and loan processors – all of which could be considered employment decisions affecting the Plaintiffs. *Id*. It is possible the personnel files could contain related information. Because these issues are to be addressed at the 30(b)(6) depositions, (*see*, Doc. 306, Exh. A, topics C, D, E), Plaintiffs may seek written discovery to prepare for these depositions. The Court therefore **GRANTS** Plaintiffs' Motion to Compel in regard to the personnel files of the named Defendants, Plaintiffs' Fifth Requests for Production to CFIC, Nos. 13-19.

The Court cannot, however, see how "payroll records" or "agreements and contracts" regarding these individual Defendants would have any relevance to the

issues to be covered at the Rule 30(b)(6) depositions.[4]  As such, Plaintiffs' Motion to Compel this information for the named Defendants as stated in their Fifth RFP to CFIC, Nos. 13-19, is **DENIED**.

### B.    Documents Relating to Michael Wise.[5]

Defendants argue that Plaintiffs' discovery requests regarding Michael Wise are harassing and provide evidence of Plaintiffs' "strategy of bashing" Wise.  (Doc. 313, at 7.)  They have also objected that the requests are overly broad, irrelevant, and/or vague.[6]  Defendants have not, however, made the requisite specific showing as to how the  discovery requests are overly broad, irrelevant, and/or vague.  *See, e.g., **McCoy***, 214 F.R.D. at 646 (overruling an objection to discovery in part because of lack of affidavit or other evidentiary support).

At the June 13, 2007, hearing, the Court discussed the issue of whether Michael Wise, who has been identified through some of Defendants' records as a

---

[4]  As discussed below, however, the Court finds that payroll records regarding Michael Wise could lead to the discovery of admissible evidence and are, therefore, discoverable.

[5]  Plaintiffs' Fifth Requests for Production to CFIC, No. 2-4; Plaintiff's Sixth Request for Production to CFIC, Request Nos. 3, 4; Plaintiffs' Sixth Interrogatories to CFIC, No. 2; Plaintiffs First Requests for Production to Piggybanker, Request Nos. 2-4; and Plaintiffs' Second Interrogatories to Piggybanker, No. 2.

[6]  (*See, e.g.* Defendant CFIC's response to Plaintiffs' Fifth Requests for Production, No. 2; CFIC's response to Plaintiffs' Sixth Interrogatories, No. 2; Defendant Piggybanker's response to Plaintiffs First Requests for Production, Nos. 2-4; and Piggybanker's response to Plaintiffs' Second Interrogatories, No. 2.)

"marketing manager," potentially "has anything at all to do with how [Plaintiffs] would perform their job" as outside salespeople.  (Doc. 318, Exh. A, at 58:20-59:14.)  Because of this possible relationship, the Court ruled that Defendants would be required to designate a 30(b)(6) witness to testify on certain issues regarding Wise and his involvement with Defendants.  *Id.*  Therefore, the Court finds that Plaintiffs are entitled to engage in written discovery in preparation for the deposition.

The Court previously ruled that Plaintiffs would not be allowed to discovery on "the full scope" of Michael Wise.  (Doc. 318, Exh. A, 61:10-17.)  Even so, the Court determined that Plaintiffs are "entitled to know who he's hired by, what he does, what relationship, if any, his position and his work has to do with any of the pay related issues about overtime or how [Plaintiffs] work."  (*Id.*)

Plaintiffs also seek Wise's unredacted payroll records, arguing that the amount Defendants paid to Wise is a reflection of his "stature and role in the company and the value of his services" to Defendants.  (Doc. 305, at 16.)  Defendants object to this, stating that "[o]ne cannot tell what a person's job duties are based on how much the person is paid."  (Doc. 313, at 7.)  The Court does not necessarily agree with Defendants' logic.  It is true that Plaintiffs have provided no authority for their position.  In the Court's opinion, however, common sense

10

dictates that an individual's salary would likely have a direct correlation to his or her importance and influence within a company, particularly if the person holds a management position.

Thus, the Court **GRANTS** Plaintiffs' Motion to Compel in regard to their Fifth RFP to CFIC, Nos. 2, 3, Sixth RFP to CFIC, No. 4, and First RFP to Piggybanker, Nos. 2 and 3 (Wise's personnel, employment and/or payroll documents); and their Sixth RFP to CFIC, No. 3 (documents relating to the "projects" on which Wise "assisted" CFIC's management in early 2003).  Plaintiffs are also entitled to complete responses to their Sixth Interrogatories to CFIC, No. 2, and Second Interrogatories to Piggybanker, No. 2 (requesting an explanation as to the capacity in which Wise was affiliated with any of the Defendants from 1997 through the present).

The Court is concerned with the wording of Request No. 4 of Plaintiff's Fifth RFP to CFIC and No. 4 of the First RFP to Piggybanker.  In those requests, Plaintiffs seek virtually every communication on virtually any topic that occurred at any time between Wise and anyone owning, representing, or working for Defendants CFIC and Piggybanker.  The Court finds that the verbiage of this request is overly broad, vague, and unduly burdensome on its face.  As such, Plaintiffs' Motion to Compel is **DENIED**, without prejudice, in regard to Request

11

No. 4 of Plaintiff's Fifth RFP to CFIC and No. 4 of their First RFP to Piggybanker.

In denying this portion of Plaintiffs' motion, the Court finds only that Plaintiffs' requests are premature as they are not necessary during this phase of the discovery and/or are irrelevant to the issues of certification/decertification. Upon a future request from Plaintiffs, the Court will revisit the discoverability of the information requested after the District Court's ruling on the certification/decertification issues.

### C.   **Joint and Several Liability**.[7]

Plaintiffs move to compel this category of documents which relates to "whether some or all of the corporate defendants in this case acted as an integrated enterprise." (Doc. 305, at 16.) Plaintiffs also contend they need these documents to address the issue of "whether plaintiffs' [sic] can pierce the corporate veil and hold Piggybanker liable for CFIC's actions." (*Id.*, at 19.) Plaintiffs provide a thorough analysis regarding the relevancy these documents have to these two issues. They have not, however, provided an adequate explanation as to how the information requested regarding joint and several liability is relevant to the issues

---

[7] Plaintiffs' Fifth Request for Production of Documents to CFIC, Nos. 3-8, 24; Plaintiffs' Sixth Request for Production to CFIC, Nos. 3, 4; Plaintiffs' Sixth Interrogatories to CFIC, Nos. 2 and 3; Plaintiffs' First Request for Production to Piggybanker, Nos. 2-8, and 10; and Plaintiffs's Second Interrogatories to Piggybanker, Nos. 2 and 3.

of certification and decertification of the potential class.

Several of the discovery requests enumerated in this category also are listed under the category discussed in section B of this Order, documents regarding Michael Wise.[8]  Another of the discovery requests listed under this category is referenced in section D, below, regarding documents subpoenaed from third parties.[9]  Rulings on these discovery requests are contained in sections B and D, respectively.  With the exception of Request No. 24 of Plaintiffs' Fifth RFP to CFIC, the Court **DENIES**, without prejudice, Plaintiffs' Motion to Compel in regard to the remaining discovery requests contained in this category – Plaintiffs' Fifth RFP to CFIC, Nos. 5-8; Sixth Interrogatories to CFIC, No. 3; First RFP to Piggybanker, Nos. 5-8; and Second Interrogatories to Piggybanker, No. 3.  Simply stated, Plaintiffs have failed to demonstrated how or why this information is relevant to the topics noticed for their Rule 30(b)(6) depositions.  (Doc. 306, Exh. A.)

In denying this portion of Plaintiffs' motion, the Court finds only that Plaintiffs' requests are premature as they are not necessary during this phase of the

_____

[8]  Plaintiffs' Fifth RFP to CFIC, Nos. 3, 4; Sixth RFP to CFIC, Nos. 3, 4; Sixth Interrogatories to CFIC, No. 2; First RFP to Piggybanker, Nos. 2-4; and Second Interrogatories to Piggybanker, No. 2.

[9]  Plaintiffs' First RFP to Piggybanker, No. 10.

discovery and/or are irrelevant to the issues of certification/decertification.  Upon a future request from Plaintiffs, the Court will revisit the discoverability of the information requested after the District Court's ruling on the certification and/or decertification issues.

The remaining discovery request, No. 24 of Plaintiffs' Fifth RFP to CFIC, seeks "[a]ny and all work charts, lists, organizational charts or other documents concerning, reflecting, or illustrating the ownership structure or management structure of CFIC."  At the June 13, 2007, hearing, the Court previously ruled that Plaintiffs are "entitled to see the organizational make-up" of Defendants in regard to the 30(b)(6) depositions, including Defendants' articles of incorporation.  (Doc. 318, Exh. A, Pg. 39:6-40:11.)  As such, the Court **GRANTS** Plaintiffs' Motion to Compel in regard to Request No. 24 of Plaintiffs' Fifth RFP to CFIC.


**D.    Documents Secured through Third Party Subpoenas**.[10]

Defendants do not argue that the production of these documents is premature.  Rather, they contend that Plaintiffs should be required to pay for half of the costs and fees they were required to pay to third parties while compiling these documents.  (Doc. 313, at 9-10; Doc. 318, at 16.)  The CFIC Defendants

---

[10]  Plaintiffs' Fifth RFP to CFIC, No. 11; Plaintiffs' Sixth RFP to CFIC, Nos. 1, 2; Plaintiffs' First RFP to Piggybanker, No. 10.

14

contend that they have spent approximately $5,200.00 on third-party subpoenas in this case.  (Doc. 313, at 10.)  As such, they are seeking $2,600.00 from Plaintiffs prior to producing the documents gleaned from the third-party subpoenas.  *Id.*

In effect, Defendants are seeking a protective order from the Court.  Under Rule 26(c) of the Federal Rules of Civil Procedure, the "presumption" is that the party responding to discovery

> must bear the expense of complying with discovery requests, but he may invoke the district court's discretion under Rule 26(c) to grant orders **protecting him from 'undue burden or expense'** in doing so, including orders conditioning discovery on the requesting party's payment of the costs of discovery.

*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358, 98 S.Ct. 2380, 2393, 57 L.Ed.2d. 253 (1978) (emphasis added).  The decision to enter a protective order is within the sound discretion of the Court.  *Thomas v. International Bus. Mach.*, 48 F.3d 478, 482 (10th Cir.1995).  Because Defendants are seeking the protective order, they have the burden to demonstrate that they would be subjected to undue expense if required to produce the documents at issue.  *See Sentry Ins. v. Shivers*, 164 F.R.D. 255, 256 (D.Kan.1996) (holding that the party seeking the protective order has the burden to establish good cause).  Thus, the Court must determine if Defendants have established that the expense involved herein is "undue."

Typically, the party asserting undue burden or expense is required to come

15

forth with evidentiary proof, such as an affidavit, detailing the expense involved in responding to the discovery request.  ***Sonnino***, 220 F.R.D. at 653.  *See also **Klesch & Co.***, 217 F.R.D. at 524 (holding that the objecting party cannot establish burdensomeness by making "conclusory statements"); ***McCoy***, 214 F.R.D. at 646 (D.Kan.2003) (overruling an undue burden objection in part because of lack of affidavit or other evidentiary support).  Stated another way, Defendants are required to make "a particular and specific demonstration" of any alleged burden. ***Aikens v. Deluxe Financial Servs***., 217 F.R.D. 533, 534 (D.Kan. 2003).

In the matter before the Court, Defendants have provided no evidentiary to show the $2,600.00 at issue would constitute an "undue expense" to them.  This is a substantial case which, at one point, involved more than 250 Plaintiffs. Previously in this case, Defendants were arguing that it would not be unduly burdensome for more than 250 Plaintiffs travel to Wichita, at their own expense, for depositions.  (*See* generally, Doc. 189.)  As such, the Court cannot find that the amount at issue here would constitute an "undue burden or expense" for Defendants.[11]  Therefore, the Court **GRANTS** Plaintiffs' Motion to Compel in regard to this category of discovery requests (Plaintiffs' Fifth RFP to CFIC, No. 11; Sixth RFP to CFIC, Nos. 1, 2; and First RFP to Piggybanker, No. 10).

---

[11]  The Court also notes that Plaintiffs apparently have provided subpoenaed third party documents to Defendants "without objection and without cost."  (Doc. 305, n. 10.)

E.      **Communications from CFIC to Branch Managers**.[12]

The remaining discovery requests relate to written materials provided by
CFIC to its branch managers from 2002 to the present.  Specifically, Plaintiffs seek
materials distributed at CFIC's annual branch manager conventions during this
time frame as well as all electronic communications (including e-mail "blasts")
from Defendants to the branch managers.

The Court agrees with Plaintiffs' assertion that Defendants have represented
that "each of its branches is 'autonomous' and that each branch manager controls
the policies, procedures, and day to day aspects of his or her branch office."  (Doc.
305, at 22.)  The Court is, however, somewhat skeptical that the offices are totally
autonomous.  (Doc. 318, Exh. A, pg. 44:19-45:4.)  The Court also agrees with
Plaintiffs' contention that the requested documents are calculated to lead to the
discovery of admissible evidence concerning the issue of the autonomy of the
branches.

Further, the issues to be covered in the 30(b)(6) depositions noticed by
Plaintiffs include "[t]he daily job duties and responsibilities of CFIC branch
managers . . .," "[t]he creation, revision, adoption, implementation, interpretation,
administration, and communication to employees, of CFIC's policies, procedures,

---

[12]  Plaintiff's Fifth RFP to CFIC, Nos. 1, 9.

and practices . . .," training provided by Defendant CFIC to loan officers and loan processors, and "the drafting revision, interpretation, and administration of policies, procedures, and practices applicable to loan officers and loan processors . . ." (Doc. 306, Exh. A.)  It would seem logical that such topics could be covered at an annual branch managers convention or through a company-wide e-mail to branch managers.  Even these topics were not included at the conventions, the documents requested may shed light on the alleged autonomy of the various branch offices.

Defendants offer little or no substantive objection to these discovery requests.  They simply contend that the requests are "definitely overbroad" because "the information requested concerning the branch manager meetings includes a variety of topics."  (Doc. 313, 10-11.)  Defendants fail to provide any factual support or explanation for that conclusory statement.  This is insufficient.  *See Klesch & Co*., 217 F.R.D. at 524 (D.Colo.2003) (holding that the objecting party cannot establish burdensomeness by making "conclusory statements").  As such, the Court **GRANTS** Plaintiffs' Motion to Compel in regard to this category of discovery requests (Plaintiffs' Fifth RFP to CFIC, Nos. 1, 9).

IT IS THEREFORE ORDERED that Defendants' Motion to Compel (Doc.

18

304) is **GRANTED in part** and **DENIED in part** as more thoroughly set forth

above.  All answers and responses to the discovery requests covered by this

Memorandum and Order shall be served on or before August 31, 2007, and all

**documents which are responsive to document requests allowed by this Order**

are to be <u>produced</u> on or before **August 31, 2007**.

> **IT IS SO ORDERED.**

Dated at Wichita, Kansas on this 3rd day of August, 2007.

  s/   DONALD W. BOSTWICK
DONALD W. BOSTWICK
United States Magistrate Judge
